RILEY *v.* GITTERMAN *et al.*, (two cases.)

(*Supreme Court, General Term, Second Department.* December 9, 1889.)

**1. ABATEMENT AND REVIVAL—DEATH OF PARTY PENDING APPEAL.**

Code Civil Proc. N. Y. §§ 755-765, provide for the revival of an action on the death of a "plaintiff" or "defendant." Section 1297 provides that, on the death of the adverse party after judgment, an appeal may be taken as if he were living, "but it cannot be heard until the heir, devisee, executor, or administrator * * * has been substituted as the respondent." Section 1298 provides that, when either party dies pending an appeal, "if an order substituting another person in his place is not made within three months after his death, * * * the court in which the appeal is pending may * * * make an order requiring all persons interested in the decedent's estate to show cause before it why the judgment * * * should not be reversed or affirmed or the appeal dismissed." Section 1736 provides that, on the death of either party to an action to recover a chattel, the cause of action survives to or against his executor or administrator. *Held* that, on the death of appellant in an action to recover chattels before argument of the appeal, the court of appeals may revive the action in the name of appellants' assignee for benefit of creditors.

**2. SAME—CORRECTION OF IMPROPER ORDER.**

An improper order of revival made by the court of appeals cannot be collaterally attacked, but can be remedied only by an application to vacate the order.

Appeal from circuit court, New York county.

Two actions by Julia A. Riley, as administratrix of the estate of Thomas M. Riley, deceased, against Henry Gitterman and William Sulsbacher. One of the actions was to recover on an undertaking, given by defendants as sureties for one Louis Siedenbach, on an appeal by him from a judgment in an action theretofore pending between himself as plaintiff and Julia A. Riley (plaintiff herein) as defendant. The action of *Siedenbach* v. *Riley* was originally brought against Thomas M. Riley, then sheriff of Kings county, to recover property taken by said Riley under execution. Thomas M. Riley died pending this action, and it was revived against his administratrix. Judgment was rendered against Siedenbach, who appealed to the general term, and gave the undertaking referred to above. The judgment was affirmed by the general term, (42 Hun, 656, *mem*,) and Siedenbach then appealed to the court of appeals. The other action by said Julia A. Riley was to recover on the undertaking given on appeal to the court of appeals, where the judgment of the general term was affirmed. 19 N. E. Rep. 275. Pending his appeal to the court of appeals, Siedenbach died, and the action was ordered to be revived and continued in the name of William Sulsbacher, to whom Siedenbach had executed a general assignment for benefit of creditors. Defendants insist that they are relieved from liability because the court of appeals did not revive the action in the name of Siedenbach's administrator. Both actions were tried before the court, a jury being waived, and the following opinion was delivered:

"CULLEN, J. As to the objection that the judgment of affirmance is a nullity, because the action was not properly revived in the court of appeals, I think it is not well taken. Sections 755-765, Code, are re-enactments or modifications of the Code, which it was held did not apply to the court of appeals. *Hastings* v. *McKinley*, 8 How. Pr. 175. Section 1736, Code, makes special provisions for revival of actions in replevin, but this, like the section above mentioned, only applies to the original action, not to appeals. Sections 1297 and 1298 apply to appeals, but section 1297 is by its terms plainly confined to the case of the death of a party before appeal taken. Section 1298 applies to cases like the present,—the death of a party after appeal taken,—but it authorizes the dismissal of an appeal upon the proceedings provided, in case of no order being made substituting some other person in place of the party; but it does not at all prescribe how, or in what person, that substitution shall be made. The procedure, therefore, remains as it existed under the old Code. In *Hastings* v. *McKinley, supra,* it was intimated that the court might have

proceeded to hear the cause and render judgment as of a day before the death of the party, but the court deemed it proper to follow, as far as practicable, the course prescribed in courts of original jurisdiction. The power to revive an action in the name of an assignee, after the death of the assignor, is settled. *Schell* v. *Devlin*, 82 N. Y. 333. It matters not that the action is in replevin, if I am right in the opinion that the special provisions as to revival in that character of action have no application to appeals. The court of appeals thus having the power to revive the action in the manner followed in the case, it follows that the order of revival made by the court is conclusive. *Rogers* v. *Paterson*, 4 Paige, 413. If the order was improperly made, the party aggrieved must apply to the court to vacate the order, but it cannot be questioned collaterally. These two actions are not upon the same bond, and therefore the causes of action are different. The pendency of one is hence no bar to the maintenance of the other, but, as the parties are the same, and the satisfaction in the first case will discharge both liabilities, I think the proceedings in the second action should be stayed after judgment."

Code Civil Proc. N. Y. §§ 755–765, relating to abatement and revival of actions, provide when and how an action may be revived on the death of a "plaintiff" or "defendant." Section 1297 provides that, "where the adverse party has died since the making of the order or the rendering of the judgment appealed from, * * * an appeal may be taken as if he was living; but it cannot be heard until the heir, devisee, executor, or administrator, as the case requires, has been substituted as the respondent." Section 1298 provides that "where either party to an appeal dies before the appeal is heard, or has heretofore died, and the appeal has not been heard, if an order substituting another person in his place is not made within three months after his death, * * * the court in which the appeal is pending may, in its discretion, make an order requiring all persons interested in the decedent's estate to show cause before it why the judgment or order appealed from should not be reversed or affirmed, or the appeal dismissed, as the case requires." Section 1736 provides that, "in an action to recover a chattel, the cause of action survives or continues, notwithstanding the death of either party, in favor of or against his executor or administrator."

Judgment with costs for plaintiff in both actions, and defendants appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Donohue, Newcombe & Cardoza,* for appellants. *Thomas E. Pearsall,* for respondent.

No opinion. Judgment affirmed, on opinion of CULLEN, J.

---

### ANDERSON *v.* TOMKINS.

(*Supreme Court, Special Term, New York County.* September 30, 1889.)

ATTACHMENT—DEPOSIT IN LIEU OF BAIL—ACTION AGAINST CLERK.

Code Civil Proc. N. Y. § 677, which provides that plaintiff in attachment may, by leave of court, bring any action in the name of himself and the sheriff that the sheriff might bring to recover property attached or its value or on an undertaking, does not authorize plaintiff to bring such action against the clerk to recover money deposited by defendant in lieu of bail.

Action by Byron W. Anderson against George Tomkins for broker's commissions. Plaintiff moves for leave to sue the clerk for money deposited by defendant in lieu of bail. Code Civil Proc. N. Y. § 677, provides that plaintiff in attachment, "by leave of the court, * * * may bring and maintain in the name of himself and the sheriff jointly, by his own attorney, and at his own expense, any action which, by the provisions of this title, may be brought by the sheriff to recover property attached or the value thereof, or a demand attached, or upon an undertaking given as prescribed in that title, by a person other than the plaintiff."