MISSOURI PACIFIC RAILWAY COMPANY v. WILLIAM K. FOX, ADMINISTRATOR.

FILED NOVEMBER 17, 1898. No. 10092.

1. **Revivor of Action:** RES JUDICATA. When a revivor of an action is sought by conditional order, the hearing in pursuance thereof is the proper occasion to try the right of the successor in whose name revivor is attempted. By the absolute order that matter becomes *res judicata* and cannot be retried with the case on its merits.

2. ——: SERVICE OF PROCESS: ATTORNEY OF RECORD. Service of a conditional order of revivor must be in the same manner as a summons, and it seems that service upon the attorney of record is insufficient unless a summons may be so served.

3. **Appearance:** AUTHORITY OF ATTORNEY. The authority of an attorney who actually enters an appearance will be presumed to justify him in so doing.

4. **Revivor:** WAIVER OF PROCESS. A failure to serve a conditional order of revivor goes only to the jurisdiction of the person, and is waived by a voluntary general appearance.

5. ——: NEW PARTY: PLEADING. When a cause has been revived by conditional order duly made absolute, it is not essential that amended or supplemental pleadings be filed alleging the capacity of the new party, as such averments would not be traversable and the fact already appears of record.

6. ——: ——: ——. For the same reason it is proper to refuse the adverse party leave by supplemental pleadings to tender an issue based on the matter of revivor.

7. **Comparative Negligence:** INSTRUCTIONS. The doctrine of comparative negligence has no place in the jurisprudence of this state. It is therefore error to instruct the jury that plaintiff may recover, although guilty of contributory negligence, provided the negligence of defendant was gross and that of plaintiff slight in comparison.

8. **Conflicting Instructions.** A positive misstatement of the law in an instruction is not cured by a further correct statement in conflict with the first.

9. **Expert Testimony:** COMPETENCY. Expert testimony is incompetent where the subject of inquiry is of such a character as to be within the knowledge of men of common education and experience and to call for no special skill, knowledge, or experience,

10. ———: Hypothetical Questions. A hypothetical question should not be permitted when it only in part calls for the exercise of special skill or knowledge, and for the rest asks the witness to base his opinion on matters within the ordinary experience of men.

Error from the district court of Cass county. Tried below before Ramsey, J. Reversed.

B. P. Waggener, James W. Orr, A. N. Sullivan, and C. S. Polk, for plaintiff in error.

Matthew Gering, contra.

Irvine, C.

This is an action against the Missouri Pacific Railway Company to recover damages for the death of Amos Thompson, alleged to have been caused by the negligence of defendant. The case was in this court once before, and a judgment for the defendant was reversed. (Thompson v. Missouri P. R. Co., 51 Neb. 527.) A second trial resulted in a judgment for the plaintiff, and the defendant this time seeks a reversal.

Between the two trials the widow of the deceased, who, as administratrix, brought the action, remarried, and her powers as administratrix ceasing from that fact, Fox seems to have been appointed as her successor. On Fox's application a conditional order of revivor was entered, which in due time was made absolute. No amendment of the petition was made, nor was a supplemental petition filed, and the case was tried on the original petition, which avers that Mrs. Thompson is the personal representative and that she sues as such. This course of proceeding gives rise to certain assignments of error which, as they present questions in limine, should be disposed of before approaching the merits.

The defendant sought leave to file a supplemental answer alleging the cessation of Mrs. Thompson's powers as administratrix, and leave to do so was denied. It then, by objections to the evidence, sought to exclude

proof of Fox's authority and to deny his right. Under our system of practice, where a party dies or his authority as a representative ceases, two methods of revivor co-exist. A conditional order of revivor may issue and be served and the order made final, unless cause be shown against it, or the court may substitute the new party and supplemental pleadings may be filed and summons served. (*Fox v. Abbott,* 12 Neb. 328; *Rakes v. Brown,* 34 Neb. 312.) If the former method be pursued, the proper method of traversing the claim of the person in whose name revivor is attempted is by showing cause against the absolute order. An issue is thus tendered, and if the court make the order absolute, that order becomes *res judicata* as to the right of the person named to proceed with the action, and the issue cannot be again made and tried with the main case. (*Hendrix v. Rieman,* 6 Neb. 516.)

It is asserted, however, that there was here no proper service of the conditional order. The manner of service does not appear, unless by inference. The conditional order bears an indorsement of acceptance of service by A. N. Sullivan, attorney for defendant, reserving the right to interpose any objections to the manner of service. The conditional order should be served in the same manner as a summons. (Code of Civil Procedure, sec. 461.) It would seem, therefore, that service upon the attorney of record in the cause would be insufficient. But no one can doubt that an attorney may be authorized to enter a voluntary appearance for his client, and the authority of an attorney at law to appear, where he has actually done so, is presumed. After the absolute order was entered the defendant filed a motion entitled in the name of Fox as plaintiff and so recognized the validity of the order. The defect, if there were one, went only to the jurisdiction of the person of the defendant, and was cured by a general appearance without objection. The supplemental answer set up only a fact already determined by the order of revivor, and one no

longer issuable. While it would perhaps have been proper to have filed a supplemental petition showing on its face the change in plaintiffs, that fact appeared of record already, it was no longer traversable, and it was not necessary to do so. While the proof made of Fox's appointment was of a fact not in issue and was hence irrelevant, it could not possibly have been prejudicial to defendant.

The salient facts of the case appear in the former opinion and will not be repeated. The court gave the following instruction: "You are instructed that to entitle the plaintiff to recover the jury must believe from the evidence that the injury and death complained of was occasioned by the carelessness or negligence of defendant or its servants, in the manner charged in the petition. And if the jury believe from the evidence that the deceased was guilty of negligence, contributing to the injury, then to entitle plaintiff to recover the jury must further believe from the evidence that the negligence of defendant was gross, and that of the deceased was but slight in comparison with each other; and if the jury believe from the evidence that the negligent conduct of the deceased contributed as much, or nearly as much, to produce the injury and death as that of defendant, or that he was not at the time exercising ordinary care, then the plaintiff cannot recover, and the jury should find for the defendant." This was a plain proposition to the jury, as the law of this state, of the doctrine of comparative negligence. The instruction appears in Sackett on Instructions with a citation of a case in Illinois as its authority. Such a doctrine once prevailed there, but it has been discarded. It never found any place in the jurisprudence of Nebraska, as appears from an inspection of the numerous negligence cases. Indeed, its correctness has been not only inferentially but directly denied. (*Village of Culbertson v. Holliday*, 50 Neb. 229; *City of Friend v. Burleigh*, 53 Neb. 674.)

It is argued that the instruction was not prejudically

erroneous, because of its last portion, which states that there can be no recovery if plaintiff did not exercise ordinary care. The answer is that the mischief had already been accomplished by the earlier statement that there could be a recovery in spite of contributory negligence, if the negligence of the defendant was gross and that of plaintiff slight in comparison therewith. Thus the jury was set to examining, not the existence of negligence, but the comparative degrees thereof. An inaccuracy or incomplete statement in a charge may be cured by further correct and supplementary statements; but an absolute misstatement of the law cannot be cured by a subsequent correct statement conflicting therewith. The doctrine is familiar.

By a recurrence to the former opinion it will be seen that a question of fact was presented by reason of certain proof of the undue projection of a bolt from the end of a car and certain bruises on the body of the deceased. It was then thought that there was sufficient evidence to go to the jury on the theory that this was a negligent construction of the car and the proximate cause of the injury. Apparently to establish the latter fact certain hypothetical questions were asked medical witnesses, of which the following is a type: "Assuming that a man about thirty-four years of age, engaged as a brakeman on a railway train, entered between two cars for the purpose of making a coupling, upon the end of which there appeared to be a stake pocket, being a piece of iron about three or four inches long by three inches wide, and around which there was an iron groove and a band of iron and adjacent to that a bolt protruded beyond the nut, which has a flat surface and is about an inch in diameter; that upon the body of the man was found a spot the size of a silver dollar, discolored, dark, and still susceptible to pressure by manipulation,—which one of these two instruments, that is, the stake pocket or the bolt, could produce the wound I have described?" Expert testimony is incompetent where the subject of in-

quiry is of such a character as to be within the knowledge of men of common education and experience and to call for no special skill, knowledge, or experience. (*Atchison, T. & S. F. R. Co. v. Lawlor*, 40 Neb. 356.) Possibly, though this we do not decide, the facts may have permitted an inference based on special medical information and experience as derived from the character of the wound, but if so, the inquiry should have been so restricted. As put, the question admitted, and chiefly required, an opinion based not on such grounds, but formed from the character of the attachments described and their location on the car. These were inferences to be drawn by the jury from the evidence relative thereto. They called for no medical skill or experience, and were not the subject of expert testimony. The question, so far as it called for an opinion based on these external physical facts, might be answered by any man of ordinary experience as well as by a physician, and was therefore incompetent. Attention is called to certain cases holding opinion evidence not prejudically erroneous, but they are not in point. Here an opinion was asked calling for one of the principal inferences to be drawn by the jury, and its effect may have been potent. It is very different from *Chicago, R. I. & P. R. Co. v. Archer*, 46 Neb. 907, where the objectionable hypotheses were followed in the question by their own answer, and the opinion of the witness, so far as based on those hypotheses, was thereby eliminated.

The remaining assignments of error relate for the most part to matters covered directly or impliedly in the former opinion. It will be unnecessary to notice them in detail. That opinion should be a sufficient guide so far as the evidence on a further trial renders the discussion applicable.

REVERSED AND REMANDED.