# J. A. MAGOON, EXECUTOR, *v.* PIONEER MILL COMPANY, LIMITED.

## EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.

ARGUED NOVEMBER 7, 1905.     DECIDED NOVEMBER 10, 1905.

HARTWELL AND WILDER, JJ., AND CIRCUIT JUDGE DE BOLT IN PLACE OF FREAR, C.J.

EJECTMENT—*practice—question of legality of substitution of executor as plaintiff by acquiescence of defendant not raised at trial, not open on general exception to decision.*

At the trial suggestion was filed by one of the attorneys in plaintiff's case that she had died, that her will was probated and that he, as executor, had letters testamentary and asked to be substituted as plaintiff. The defendant's attorneys saying they made no objection the court allowed the executor to be entered as plaintiff. The defendant, in arguing the exceptions, urged that the question that the executor was not a proper plaintiff was presented by the exception to the decision as "contrary to the law and the evidence and the weight of the evidence." Held, no ruling upon this question having been made at the trial and no question of law relating to it having arisen there, in view of defendant's acquiescence in the substitution of the executor as plaintiff, although in law not entitled to possession of land, his right in this judgment cannot properly be questioned by the general exception to the decision, the defendant being regarded as having waived objections to the plaintiff's capacity.

ID.—*adverse possession as against a minor—exceptions to rulings denying nonsuit and excluding evidence which afterwards went in or was immaterial.*

The defendant moved for a nonsuit on the ground that the plaintiff's evidence showed adverse possession for ten years. The exception to refusing the nonsuit is not sustained since the statute would not run against the minor child living when as the defend-

ant clamed adverse possession began, and also since evidence of
adverse possession of a house on the premises would not include
the entire parcel in which were six taro patches unless possession
was taken under a paper title or colorable claim. Exceptions to
excluding or striking out evidence which afterwards went in are
overruled because no harm was done. Exceptions to ruling out
certain other evidence, being a foreclosure affidavit and mort-
gage and that the widow said when possession of the house was
taken, are overruled because the evidence was immaterial. Evi-
dence of attempts to prove that a certain person was an officer
of a company which bought the land and letters to that company
and to the defendant demanding possession do not require discus-
sion. Evidence properly allowed in rebuttal.

### OPINION OF THE COURT BY HARTWELL, J.

This was an action of ejectment brought February 6, 1901,
to recover possession of about one and one-half acres of land
granted Sept. 15, 1851, to Puali by L. C. A. No. 6606, Royal
Patent No. 2726, and for $500 damages for its detention. The
patentee's heir, his son, J. L. Kapakahi, dying intestate, J. W.
Kalua was appointed administrator of the estate September 7,
1888, and Alana was appointed guardian of the property of his
minor child Kealo, a daughter. At a foreclosure sale, April 1,
1889, under Kapakahi's mortgage of October 26, 1887, of cer-
tain pieces of land, not including the land in question, Kalua
bought the mortgaged property and, for some reason which does
not appear, considered that he had bought this land which he
conveyed June 18, 1892, to William L. Decoto, whose com-
pany, the Lahaina Coffee and Fruit Co., conveyed it to the
defendant August 24, 1900. The widow of Kapakahi went to
the leper asylum on Molokai in September, 1890. The child
dying between that date and the bringing of this action the
estate vested in the widow.

At the trial, May 10, 1905, jury being waived, Magoon, one
of the attorneys in the plaintiff's case, filed his suggestion of
the plaintiff's death November 3, 1904, that March 29, 1905,
her will was admitted to probate, that as executor he had received

letters testamentary, and asked to be substituted as plaintiff. The defendant's attorneys saying that the defendant made no objection, the court allowed the executor to be entered as plaintiff. After hearing the case, in which the sole defense was adverse possession, a decision was filed stating that the defendant "has failed to show that it and its predecessors in title have held the said premises adversely to the plaintiff for the period of ten years," and giving judgment that the plaintiff have restitution and possession of the land and have and recover of the defendant $500 damages.

The plaintiff's evidence showed that after Kalua's purchase he ousted the widow from the house upon the land and that after residing about two months in a neighboring house she went to Molokai, although the witness could not testify who had charge of the land.

The defendant excepted to the refusal of the court to grant its motion for a nonsuit upon the ground that the plaintiff's evidence showed adverse possession for ten years. The exception is not sustained since the statute would not run against the minor child who was living when Kalua took possession, and also since the evidence of adverse possession of the house would not include the entire parcel, in which there were six taro patches, unless upon a showing, which is not made, that Kalua took possession under a paper title. Whatever he supposed, we see no evidence on which he could have based a colorable claim.

The defendant's attorneys in argument urged that the question that the executor was not a proper plaintiff is presented by the exception to the decision as "contrary to the law and the evidence and the weight of the evidence." No ruling upon this question was made at the trial and no question of law relating to it arose there. The defendant says that if the executor is allowed to take judgment it may be exposed to another action by the devisee of the land for damages, but in view of the defendant's acquiescence in the substitution of the executor as plaintiff, although an executor is not in law entitled to possession of land, we do not think that his right in this judgment

can properly be questioned by the general exception to the decision. The defendant must be regarded as having waived objections to the capacity of the plaintiff. This was the only point in the case which was argued for the defendant by Mr. Derby, who represented Messrs. Kinney, McClanahan & Cooper.

There remain twenty-five exceptions none of which can be sustained. Exception 1 was not argued; 3 and 4 were waived; 2, 6, 7, 8, 10, 11, 12 and 13, to excluding or striking out evidence which afterwards went in are overruled because no harm was done; 9, to ruling out evidence of a foreclosure affidavit, 14, to ruling out what the widow said when Kalua went to the house, and 16, to ruling out Kapakahi's mortgage, are overruled because the evidence was immaterial to the issue; 17, 18, 19, 20 and 21, relating to attempts to prove that a certain person was an officer of the Fruit Company for which Kalua appears to have sold to Decoto, and to letters in 1899 and 1900, demanding possession, do not require discussion. Exceptions 22 to 26, to the court allowing the plaintiff in rebuttal to recall a witness to testify where she got taro after the widow went to Molokai and while she was living with the child, and also to allowing evidence of another witness upon the same subject, are not sustained. The evidence tended to show that Kalua alone was not then using the land. To the further evidence in rebuttal that the witness never saw the Rev. Pali on the premises between Kapakahi's death and the widow going to Molokai, the defendant's objection that this was negative testimony, having no bearing on the case, is certainly tenable, but neither does the exception have any bearing on the case.

We cannot fail to observe that during the minority of the infant the statute of limitations could not have begun to run. If she died under age the defendant could not have acquired a prescriptive title until ten years thereafter, and if she lived to become of age; not until five years thereafter. As it does not appear how old the child was at her father's death or at what time she died, it is impossible to say whether time enough elapsed between her death and February 6, 1901, the date of

filing action, to enable a prescriptive title to be acquired. The exceptions, most of which appear to be frivolous, are overruled.

*J. Lightfoot, J. A. Magoon* with him on the brief, for plaintiff.

*D. H. Case,* with whom *J. L. Coke* and *A. H. Crook* were on the brief, and *S. H. Derby* for defendant.