### DICKINSON, Sheriff, v. OLIVER.

(Supreme Court, Appellate Division, Third Department. May 2, 1906.)

1. STIPULATIONS—OPERATION.

   Where a sheriff sued for conversion of property on which an execution had been levied, and died pending the action, and his successor was substituted as plaintiff on stipulation by defendant, he could not thereafter be heard to say that the successor was not the proper plaintiff.

2. ABATEMENT AND REVIVAL—DEATH OF PARTY IN OFFICIAL CAPACITY.

   Under the express provisions of Code Civ. Proc. § 766, where an action is authorized to be brought by or in the name of a public officer, his death does not abate the action, which may be continued by his successor.

   [Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Abatement and Revival, § 330.]

3. EXECUTION—ACTION BY OFFICER—CONVERSION OF PROPERTY LEVIED ON.

   The common law authorizes a sheriff to maintain an action against one who unlawfully takes from his possession property levied on under lawful process.

   [Ed. Note.—For cases in point, se vol. 21, Cent. Dig. Execution, § 401.]

4. ABATEMENT AND REVIVAL—TERMINATION OF OFFICIAL CAPACITY.

   An action by a sheriff for conversion of goods on which he had levied an execution may be continued by him after the expiration of his term.

   [Ed. Note.—For cases in point, see vol. 1, Cent Dig. Abatement and Revival, § 228.]

Appeal from Trial Term, Delaware County.

Action by Barney Dickinson, as sheriff of Delaware county, against William C. Oliver. From an order granting a new trial, defendant appeals. Affirmed.

This action was originally commenced by Le Roy Smith, then sheriff of Delaware county, for an alleged conversion by the defendant of property upon which an execution had been levied. The action was twice tried during the lifetime of Smith. On the first trial the jury disagreed, and on the second trial a verdict for the defendant was rendered. Smith died in March, 1903, while he was still holding the office of sheriff. Barney Dickinson, the present plaintiff, who was the undersheriff of Smith, and who had charge of the execution in question, was appointed sheriff of Delaware county as successor of Smith on April 1, 1903, and on the 4th day of April thereafter an order was made substituting Dickinson as sheriff as plaintiff in the place and stead of Smith, deceased, and directing that the action be continued in the name of Dickinson as sheriff, as plaintiff therein. This order was made upon the application of Dickinson and upon the written stipulation of the attorneys for the defendant. Thereafter the substituted plaintiff appealed from the judgment entered upon the verdict for the defendant, and the judgment was reversed and a new trial granted. 96 App. Div. 65, 89 N. Y. Supp. 52. Dickinson's term of office of sheriff expired December 31, 1903. Since that time William R. Kilpatrick has been and still is, sheriff. After Dickinson's term of office had expired, such appeal was brought on for argument in the Appellate Division, and heard and decided without any objection on the part of the defendant that he was not the proper party plaintiff. The action was again brought on for trial in May, 1905, and the trial court granted the defendant's motion to dismiss the complaint, on the grounds, among others, that the cause of action had abated by Smith's death, that Dickinson, as sheriff, could not maintain the action, his term of office having expired, and that the complaint does not state a cause of action in his favor. The court afterwards granted the plaintiff's motion for a new trial made upon a case and exceptions, and from that order the defendant has appealed.

Argued before PARKER, P. J., and SMITH, CHESTER, KEL-LOG, and HOUGHTON, JJ.

C. L. Andrus, for appellant.
Wagner & Fisher, for respondent.

CHESTER, J. We agree with the learned justice of the trial term that the defendant having stipulated that Dickinson, as sheriff, be substituted as the party plaintiff in the action, and an order having thereupon been made making such substitution, and directing that the action be continued in his name as plaintiff, the defendant cannot now be heard to say that Dickinson, as sheriff, is not the proper plaintiff. That order standing in full force, as it does, is conclusive upon that question. Underhill v. Crawford, 29 Barb. 664; Smith v. Zalinski, 94 N. Y. 519; Gibson v. National Park Bank, 98 N. Y. 87; Greenwood v. Marvin, 111 N. Y. 423-440, 19 N. E. 228. But we may go further than this, as we think that the substitution of Dickinson as plaintiff was a proper one to be made, and that the action may be continued in his name although his term of office has expired. The sheriff of a county is a public officer, and from time immemorial he has represented the executive power of the state within his county, and executed the process of the court. These functions come within the scope of his official duty.

Section 766 of the Code of Civil Procedure provides as follows:

"Where an action or special proceeding is authorized or directed by law, to be brought by or in the name of a public officer, or by a receiver, or other trustee, appointed by virtue of a statute, his death or removal does not abate the action or special proceeding; but the same may be continued by his successor, who must, upon his application, or that of a party interested, be substituted for that purpose, by the order of the court, a copy of which must be annexed to the judgment-roll."

While there is no statutory authority requiring or authorizing a sheriff to commence an action against a person who unlawfully takes from his possession chattels levied upon under lawful process, yet it is apparent that such an action was authorized by the common law.

In 25 Am. & Eng. Ency. of Law (2d Ed.) p. 713, it is said:

"The duty on the part of the sheriff or constable to protect the property in his possession and have it forthcoming confers on him a special interest or property therein, and he may maintain the necessary actions to protect his special interest, such as replevin, trespass, or trover."

In Crocker on Sheriffs, § 826, p. 421, it is said:

"When goods and chattels have been duly levied on or attached by an officer under valid process against the owner thereof, or against one having an interest therein subject to levy under execution, or seizure under attachment, the officer holding such process thereby acquires a special property in such goods and chattels so levied on or attached, and may maintain an action against any one who interferes therewith, or injures them, or removes them, or converts them to his own use."

The author cites in support of this proposition, among others, the cases of Barker v. Miller, 6 Johns. 195; Lockwood v. Bull, 1 Cow. 322, 13 Am. Dec. 539; Earl v. Camp, 16 Wend. 562; De Zell v. Odell, 3 Hill, 215, 38 Am. Dec. 628.

On the death of Smith, therefore, the action did not abate, and, Dickinson having been appointed successor of Smith on the latter's death, it was entirely proper under these authorities for the court to substitute him as plaintiff in the case. It is true that Dickinson's term of office as sheriff has expired, and that now there is a new incumbent in the office. There may be a ground to ask the court for a further substitution, but as section 184, subd. 4, of the Code of Civil Procedure authorizes a sheriff whose term of office has expired to close up all mandates that he has begun to execute, that would hardly seem necessary in this case. This provision is but continuing a rule of the common law that the sheriff who began an execution was required to end it though his office had expired. Mod. Cas. 297; Clark v. Withers, 1 Salkeld's Rep. 323; 2 Lord Raymond, 1074. More than this, it often happens that where an action is brought by one public officer, it is allowed to be continued in his name after a successor has been appointed or elected. Manchester v. Herrington, 10 N. Y. 164, Board of Excise of Ontario Co. v. Garlinghouse, 45 N. Y. 249; Griggs v. Griggs, 56 N. Y. 504. That a sheriff's right to the exclusive possession of property levied upon is not impaired by his going out of office, nor his powers and duties in relation thereto in any manner changed, is expressly held in Rogers v. Darnaby, 4 B. Mon. (Ky.) 238, at page 241. If an action brought by a public officer were to abate upon the expiration of his term of office, all that would be required

on the part of a defendant in order to escape liability would be to delay final judgment until the term of office of the plaintiff had expired. We think the authorities are ample to prevent that result in this case. The order appealed from should be affirmed, with costs. All concur, except PARKER, P. J., not voting.