## W. R. KALAEOKEKOI v. WAILUKU SUGAR COMPANY.

### Exceptions from Circuit Court, First Circuit.

Argued August 19, 28, 1907.    Decided September 16, 1907.

#### Hartwell, C.J., Wilder and Ballou, JJ.

Ejectment—*practice—nonsuit—theory of the case.*

> The plaintiff, claiming the entirety, showed that he was an heir by descent through an uncle of the intestate.    A nonsuit, asked on eleven grounds including the general ground "that plaintiff's evidence does not show him to be within an inheriting degree," was granted upon the ground that the plaintiff's relationship by descent through a grandparent of the intestate did not make him an heir.    Held:    The fact that the judge in granting a nonsuit and the attorneys for both parties considered solely the inheritable relation by descent through grandparents of the intestate does not preclude the plaintiff on exceptions from claiming his right by descent through an uncle, as shown in his evidence.

Id.—*verdict.*

> There being evidence on which the jury might have ascertained the plaintiff's share or quantum of interest, a nonsuit cannot be sustained.

#### OPINION OF THE COURT BY HARTWELL, C.J.

The plaintiff brought ejectment to recover certain parcels of land awarded by early land commission awards and royal patents to H. Kalama which he claimed to own in fee simple as heir at law and next of kin of Charles Kanaina.    The defendant having pleaded a general denial the cause went to trial upon a stipulation between the parties that for the purposes of this action they admitted a common source of title in Charles Kanaina deceased intestate in 1877.

The plaintiff's evidence showed that he was a great-great-great-grandson of Charles Kanaina's uncle, Kanuha, and a grandson of Koenananahu, another uncle, and also that he was

a descendant of Kanaina's maternal grandparents. The evidence further showed that one Kaaua, deceased, intestate, was the grandson of another uncle of Kanaina, thus being, through the uncle, of the same degree of kindred. It further appeared that Kaaua, as an heir of Kanaina, had received a distributive share in the proceeds of sales of the Kanaina lands and that the plaintiff, as one of his heirs, received a distributive share in his estate.

At the close of the plaintiff's case the court ordered a judgment of nonsuit which was entered accordingly upon the defendant's motion, based upon the following grounds:

"1st.—The metes and bounds description of the land sued for refer to natural as well as artificial monuments and points, incapable of location without evidence, and no evidence locating or tending to locate such monuments or points has been given in this case.

"That the land sued for in this action is incapable of location without evidence, and no evidence locating or tending to locate said land has been given.

"That the description of the land sued for is ambiguous and unintelligible and can be located if at all only by resort to evidence outside the record of plaintiff's case.

"That the process of this court could not be carried out to place the plaintiff in possession of the land sued for, without resort to evidence outside this case. And that such evidence given to locate said land would be unlawful as depriving this defendant of its property without due process of law.

"That the process or writ of this Court could not be enforced so as to place the plaintiff in possession of the land sued for, for the reason that the amended complaint filed herein shows on its face that extrinsic evidence must be resorted to in order to locate the said land.

"That said land is shown by the amended complaint filed herein to be incapable of location, without evidence aliunde the complaint and no such evidence has been offered or given in this case.

"2nd.—That the evidence shows the relationship of plaintiff to Charles Kanaina not to be of an inheriting degree where claimed through the grandparents of Charles Kanaina, and that

plaintiff is estopped to claim through Eia 1st the father of Charles Kanaina, as shown by the evidence, for the reason that the evidence is uncontradicted that Kaaua (k) deceased, received from the estate of Charles Kanaina a distributive share thereof as an heir, and that plaintiff is a blood relative of said Kaaua (k) deceased and as such has received of the estate of Kaaua his distributive share and that such share received by plaintiff consisted solely of property received by said Kaaua as an heir of Charles Kanaina.

"3rd.—That the evidence shows the relationship of plaintiff to Charles Kanaina not to be of an inheriting degree where claimed through the grandparents of Charles Kanaina, and that the uncontradicted evidence shows that Kaaua (k) was of a nearer degree of relationship to Charles Kanaina, at the date of the latter's death, than plaintiff, and therefore Kaaua inherited to the exclusion of plaintiff.

"4th.—That plaintiff's uncontradicted evidence shows Kaaua (k) deceased to have been at the date of the death of Charles Kanaina a kindred of a nearer degree than said plaintiff.

"5th.—That plaintiff's claim of relationship through Nohomualani (k) and (or) Moana (w), the grandparents of Charles Kanaina, as shown by the uncontradicted evidence is not an inheriting degree of relationship as determined by the laws in force at the date of the death of Charles Kanaina, and that Kaaua (k) now deceased was at the time of the death of said Charles Kanaina a nearer living relative than said plaintiff, and inherited of the estate of said Kanaina to the exclusion of said plaintiff.

"6th.—That plaintiff is estopped in pais to assert at this time his right or title to the property sued for, as against the defendant herein.

"7th.—That plaintiff is estopped of record by the adjudication of the question of the heirship made in the estate of Charles Kanaina, for the reason that the uncontradicted evidence shows him to be privy in blood to one Kaaua (k) who was a party to those proceedings and who was in them adjudged to be an heir of said Kanaina.

"8th.—That the evidence shows the relationship of plaintiff to Charles Kanaina not to be of an inheriting degree where claimed through the grandparents of Charles Kanaina, and that plaintiff's relationship to said Charles Kanaina through Eia 1st, the father of Charles Kanaina, is shown to be a relationship

of the half blood, and not an inheriting relationship, for the reason that the inheritance is shown by the evidence to have come by descent from said Eia 1st, and that plaintiff is not of the blood of said Eia 1st, nor of the blood of Eia 2nd, and that Kaaua was of the blood of Eia 2nd and inherited to the exclusion of plaintiff.

"9th.—That because of the uncontradicted evidence in plaintiff's case, that Kaaua (k) was not the only relative of said Charles Kanaina at the time of his death, and there being no evidence to show the degree of relationship of such other relatives; it is impossible for a verdict to be rendered for this plaintiff which would show the share of the estate of said Charles Kanaina or the share of the property sued for in this action, to which he would be entitled.

"10th.—That the evidence in plaintiff's case does not show the share in the estate of Charles Kanaina, deceased, to which plaintiff is entitled.

"11th.—That plaintiff's evidence does not shown him to be within an inheriting degree of relationship to Charles Kanaina, deceased."

Upon the court announcing, "Defendant's motion for a nonsuit in this case is granted," the following appears from the bill of exceptions:

"Mr. Ashford:   (For plaintiff) I ask the Court for the purpose of enabling and facilitating the simplification of the record that the points, if there be more than one point on which the motion is granted, should be stated; for instance, the matter of estoppel in pays has been urged in the motion, now if it should be granted upon that point it would necessitate taking up all the evidence, if it is not granted upon that point, but upon legal points, insufficiency of description, etc.

"The Court:   The reasons of the Court's decision in this matter—the Court finds that the plaintiff is not such a descendant as can inherit under our laws.

"Mr. Ashford:   Now if the Court can further—as I understand the law supporting it—namely, the principle of law at the bottom of the Court's decision is this, the reason he has not shown himself to be in an inheritable degree the Court believes that the inheritance does not go back from the grandchild to the grandparent.

"The Court:   That is the Court's view of it, following that case in 4 Hawaiian.

"Mr. Ashford: That even if the plaintiff be descended from Nohomualani in a direct line, and if Nohomualani be or was the grandfather of Charles Kanaina still that would not place the plaintiff in an inheritable degree? Do I so understand the Court? Also the fact that even though Moana was the grandmother of Kanaina and even though this plaintiff is the direct lineal descendant of Moana still he cannot inherit from Kanaina through Moana.

"The Court: That is the decision of the Court.

"Mr. Ashford: Are we to understand that is the only point upon which the Court sustains the motion?

"The Court: The Court does not deem it necessary to pass upon the questions alleged in the description or estoppel in pays.

"Mr. Ashford: I will note an exception to your Honor granting the motion upon the grounds mentioned.

"The Court: Exception allowed."

Thus it appears that, while the plaintiff's line of inheritance through Kanaina's uncles was clear, he relied solely upon a right to inherit through the grandparent and that in ordering the nonsuit because the latter was not an inheritable relation neither the court nor counsel on either side observed the line of descent through the uncles.

Counsel for plaintiff claimed in his brief that the sole point of law before the Court was whether the law of inheritance in force at the date of the death of Kanaina permitted a grandparent to inherit from a grandchild, and his argument upon the exceptions was devoted to the contention that *Makea v. Nalua*, 4 Haw. 221, followed by *Kahiuka v. Hobron,* Ib. 227, holding that a grandfather cannot inherit from his grandson and that a granduncle could not inherit from the person who died last seized, and *Estate of B. P. Bishop,* 5 Ib. 288, excluding the relationship of third cousins from an inheritance on the grounds that the right of inheritance is exclusively statutory, were bad law or inapplicable to this case and that he was nevertheless entitled to inherit through Kanaina's maternal grandparents.

The defendant, besides meeting this issue, argued that the nonsuit was proper on the grounds that Kaaua was a nearer

relative and that the plaintiff had failed to show the exact quantum of his interest.

At the suggestion of the court argument was called for upon the question whether the plaintiff had an inheritable relationship to Charles Kanaina through the uncles Koenananahu or Kanuha or both.

The defendant at the second argument claimed that this question ought not to be considered because not considered by the trial court and as the case had been tried solely upon the claim through the grandparents and that the theory of the case could not be shifted. He abandoned the theory of nearer relationship of Kaaua but elaborated the last point of his original argument, claiming that notwithstanding the ruling in *Godfrey v. Rowland,* 17 Haw. 577, the plaintiff, claiming the whole of the land and showing that there were other heirs whose number was not shown, was properly nonsuited.

But the plaintiff had a right to rely on any inheriting relation shown by his evidence. This right is recognized by the defendant in the eleventh ground of his motion. The court should not have granted the motion without considering "that plaintiff's evidence does not show him to be within an inheriting degree of relationship to Charles Kanaina, deceased." Although it was at the plaintiff's instance that the judge gave as his reason for granting the motion that "the inheritance does not go back from the grandchild to the grandparents," and said that he did not deem "it necessary to pass upon the questions alleged in the description or estoppel in pais," yet the defendant's attorney asked for no rulings upon any of the other grounds.

In *Magoon v. Pioneer Mill Co.,* 17 Haw. 159, of which the defendant says, "If that decision is right it is only too clear that exactly the same case is presented here," the sole defense having been adverse possession, it was held that the defense that plaintiff as executor was not a proper party could not be made for the first time at the hearing of exceptions to the decision as contrary to the law and the evidence. Moreover, when the execu-

tor was substituted for plaintiff, the defendant's attorneys said that "the defendant made no objection."

It is true, as shown by *Green v. St. Paul, etc., Railway Co.,* 55 Minn. 192, and other cases cited by the defendant, that the plaintiff in the appellate court is usually confined to the theory upon which the case was tried before the jury. The propriety of this is unquestionable, as evidence is produced and cross-examination conducted in accordance with the theory upon which the case is being tried. But here there has been no shifting of the theory on which the case was presented in the trial court. The plaintiff in his declaration claims title generally by descent from Charles Kanaina, and, so far as the record shows, it was not until the trial judge had ordered a nonsuit that his counsel attempted to narrow his claim to the theory of descent through the grandparent of the intestate. Upon this point the case is more like the case of *Godfrey v. Rowland,* 17 Haw. 577, in which the plaintiff was allowed to claim for the first time in the appellate court that his general verdict could stand even if he were a tenant in common, as the court could not see that the trial of the case had been affected. Moreover, in the present case counsel for the defendant did not confine himself solely to the issue thus defined, but insisted that the bill of exceptions be so framed as to present two independent points which he argued in this court as grounds for sustaining the nonsuit in case he should fail on the issue framed by the plaintiff. It may be that if he had had in mind the issue now presented he would have seen that the record was so framed as to bring up other points in addition to these, but whatever the hardship to the defendant in the view taken by the attorneys on each side and by the judge in making up the bill of exceptions, the plaintiff would be denied his rights if the nonsuit was sustained for that reason.

The defendant's argument for a nonsuit on the question of the plaintiff's quantum of interest is that the evidence was so uncertain that it would sustain no verdict for the plaintiff since, while showing that there were other heirs, it failed to show how

many there were of those who were shown were living and who of them had died without leaving issue. The plaintiff's three aunts on his father's side, if living, and their issue, if any survived, in case of their death, would take equal shares with himself, and so of his uncle and aunt on his mother's side. Assuming that as against this defendant the plaintiff's share could not be determined without knowing how many shared in the inheritance, yet, on that assumption, if all possible inferences had been drawn against the plaintiff he would still have been entitled to a verdict for some share and therefore should not have been nonsuited.

It is therefore unnecessary to discuss how far *Godfrey v. Rowland,* supra, is applicable on the question of the right of a tenant in common to recover the whole premises as against an intruder or trespasser or how far the defendant is within this description.

As there was some evidence from which the jury might have ascertained the plaintiff's share, the nonsuit must be set aside, and it is so ordered.

Exceptions sustained. New trial ordered.

*C. W. Ashford* for plaintiff.

*S. H. Derby (Kinney, McClanahan & Derby* on the brief) for defendant.