(128 App. Div. 648.)

### CAPEN v. DELANEY.

(Supreme Court, Appellate Division, Third Department.   November 11, 1908.)

1. INSANE PERSONS (§ 92*)—ACTIONS—PARTIES.
    An incompetent person is a necessary party to an action for damages for acts done by him personally.
    [Ed. Note.—For other cases, see Insane Persons, Cent. Dig. § 161; Dec. Dig. § 92.*]

**2. STIPULATIONS (§ 18*).**

Where the committee appointed for a defendant, who pending the action was declared an incompetent, stipulated with plaintiff that such committee should be substituted as defendant, and the action proceed against him, such committee cannot thereafter complain that the incompetent should be a party, and that no cause of action is shown against the committee.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. § 42; Dec. Dig. § 18.*]

**3. INSANE PERSONS (§ 92*)—ACTIONS—PARTIES**

Where, if an action were to proceed against the committee of an incompetent, it might raise serious complications to the prejudice of the incompetent, and a judgment against the committee might be prejudicial to the incompetent, the court having general supervision over incompetents and their estates may properly prevent the action from proceeding.

[Ed. Note.—For other cases, see Insane Persons, Dec. Dig. § 92.*]

Appeal from Trial Term, Saratoga County.

Action by James B. Capen against William J. Delaney, as committee for Walter S. West, an incompetent. Judgment dismissing the complaint, and plaintiff appeals. Reversed and remanded.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Slade & Harrington (John A. Slade, of counsel), for appellant.
George B. Salisbury, for respondent.

JOHN M. KELLOGG, J. The plaintiff brought this action against Walter S. West for slander. Thereafter, and before answer, West was duly declared an incompetent person and William J. Delaney, the present defendant, appointed his committee, and by stipulation between the parties it was agreed that an order enter substituting the committee as defendant in place of the said Walter S. West, the action to proceed against the said committee, and that the pleadings and proceedings already taken in the action stand as though the stipulation was not made, the stipulation to be without prejudice to the plaintiff in any of his rights and remedies against Walter S. West or his said committee. Upon that stipulation an order was entered at Special Term making such substitution upon the terms stated. The committee answered by a general denial. Plaintiff opened the case to the jury, and stated the facts above recited, and thereupon the defendant moved to dismiss the complaint upon the opening and the pleadings and proceedings theretofore taken, upon the ground that the incompetent person should be a party with his committee in the action, and that no cause of action is shown against the committee in the absence of the incompetent party, which motion was granted and judgment entered thereupon dismissing the complaint, with $57.19 costs against the plaintiff.

"The committee of a lunatic takes no title to the real or personal estate of a lunatic. He is a mere bailiff to take charge of the property of the lunatic subject to the protection of the court. His possession is the possession of the court." Matter of Otis, 101 N. Y. 580, 585, 5 N. E. 571. An incompetent person is a necessary party to an

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

action brought to recover damages for acts done by him personally.
22 Cyc. 1227; Burnet v. Bookstaver, 10 Hun, 481. While the incompetent person is a necessary party to the action, the defendant, having put him out of the action by stipulation, cannot now question his absence and throw upon the plaintiff a bill of costs which was caused by the stipulation erroneously made between him and the plaintiff. So far as the defendant is concerned, he cannot complain if this action proceeds against him to judgment. Dickenson v. Oliver, 112 App. Div. 806, 99 N. Y. Supp. 432 It is evident that the stipulation proceeded upon a mutual misunderstanding of the law, and the court will not use it as an instrument to impose costs against one of the parties to the mistake in favor of the other. It is also evident that the Special Term granted the order upon the stipulation inadvertently; for, if its attention had been called to the fact that the incompetent person or his estate might suffer on account of the stipulation, the order would not have been granted. Nevertheless, if this action were to proceed against the committee alone, it might raise serious complications to the prejudice of the incompetent person, as it is possible the committee might suffer defeat in the action when the result might be otherwise if the incompetent person was the real defendant, and a judgment against the committee, although brought upon him by his erroneous stipulation, might nevertheless be prejudicial to the incompetent. The court, having general supervision over incompetents and their estates, may properly interfere and prevent the action from proceeding if in its judgment it may be prejudicial to the interests of the incompetent.

It follows from these considerations that it was error to dismiss the complaint upon the defendant's motion, and to favor him with a bill of costs on account of his erroneous practice. The trial court might very properly have directed that no further proceedings be had in the action until the incompetent person be brought in as a defendant; thus enabling either party to move to vacate the order improvidently entered upon the stipulation, and to restore the incompetent person as a party defendant, or to take such other action as may be proper.

The judgment is therefore reversed and the case remanded to the Trial Term for consideration, with costs to the appellant to abide the event. All concur.