Hunt, J.
This is an action brought by F. Osseforth, the original plaintiff, for damage to property by reason of the alleged negligence of defendant. Immediately before the trial, plaintiff’s counsel suggested the death of the original plaintiff and the appointment by the probate court of this county of Henry Schmidt as administrator of the original plaintiff, and moved that the action stand revived in the name of such administrator. The defendant’s counsel objected. -On being asked the ground of his objection, he said he had none except that he desired to preserve his exception to any such order. The court thereupon ordered that the action stand revived in the name of the administrator and that the trial proceed.
By the pleadings the defendant was charged with specific acts of negligence. This was denied. The evidence was limited to such issue.
It is true that in the evidence properly admitted as part of the res gestae or circumstances pertaining to the accident, offered by both plaintiff and defendant, the defendant claims that there was evidence tending to establish contributory negligence of the plaintiff. For the purpose of this motion it may be conceded that there were scintillas of evidence in support of such claim, at least in the evidence offered by the defendant; but the *362 defendant neither offered an amendment to its answer setting up such defense, nor prior to the argument asked for any written charge of the court pertaining thereto. After the court had charged the jury, the defendant’s counsel verbally asked the court to charge that if the accident was caused by the concurrent negligence of the plaintiff and defendant, the plaintiff could not recover. To this plaintiff’s counsel objected, and the court thereupon refused to so charge, stating that no such issue was raised by the pleadings.
After the jury had retired for deliberation the defendant moved that the jury be recalled and that they be instructed to render a verdict in defendant’s favor, because the plaintiff had offered no proof of the appointment of the administrator of the original plaintiff. This the court did not do. A verdict was returned in favor of the plaintiff.
A new trial is urged in this case for several reasons, only two of which, however, will be considered: First, that the court erred in not charging as requested by counsel for .defendant, at the close of the general charge, that if there was concurrence of negligence by plaintiff and defendant as the cause of the accident, the defendant was entitled to a verdict; second, that there was no evidence of the appointment of the administrator in whose name the action was ordered revived after death of the plaintiff and immediately before the trial.
The relevancy of a charge asked for or given is determined, primarily, by the issues raised by the pleadings; secondarily, by the issues raised by the evidence properly admitted or admitted without objection.
Pleadings are intended to define the issues between parties. Abundant provision is made for amendments thereto, so that no injustice results from a reasonable restriction of both evidence and charge to the issues as made by the pleadings at the time any action of the court is asked involving the determination of what are the issues in the ease. A charge given can not be said to be irrelevant, unless it pertains to an issue not made either by the pleadings or the evidence, and in the absence of such *363 showing there is a presumption that such charge was made relevant either by the pleadings or the evidence.
Where, however, a charge i's asked upon an issue not made by the pleadings, and which in order to be made is required to be made by proper allegations in the pleadings, and there are no proper offers of amendments thereto, there is no error in refusing such charge; otherwise under the scintilla rule in Ohio with regard to issues required to be submitted to the jury, a charge asked for would be tested, not by the issues raised by the pleadings, but by any scintilla of evidence pertaining to any cause of action or defense thereto which the evidence upon subsequent critical examination might present, although such evidence be not relevant to any issue made by the pleadings.
If the evidfence at the trial .should develop facts which could or should have been pleaded, amendments to the pleading can be offered, and the filing thereof will be determined by the rules applicable to amendments. If the filing of such amendments be improperly refused or allowed, the parties have their remedy if prejudiced, regardless of the charge of the court. If the amendments be .allowed or ought to have been allowed, and evidence pertaining thereto be offered, then and only then is it error for the court to refuse to charge upon the issues made thereby. There should be no error generally in assuming the issues to be such as the parties permit them to remain by the pleadings. Any other rule would ignore the necessity of pleadings and amendments thereto, and would require, not simply permit, a case to be tried as in a piepoudre court.
Incidental issues properly made by the evidence and which are not required to be made by specific allegation in the pleadings are necessarily not within such rule.
It is true that issues not made by the pleadings may,- if the parties do not object at the time, be tried without an amendment of the pleadings, and a verdict and a judgment thereon will not be error. (Benninger v. Hess, 41 O. S., 64-69; Speer v. Bishop, 24 O. S., 598-602). But the right of the parties to such trial and to a charge strictly in accordance with such issues is a different question. ’
*364 In Mehurin v. Stone, 37 O. S., 49-58, the court says:
‘‘ And it is no answer to a failure to plead the necessary facts to say that evidence tending to show a waiver” (of performance of contract) “was admitted, without objection; for let this be so, and still it was not the right of the plaintiffs under the issue to have the effect of such evidence determined by the jury. To entitle a party in such case to have the evidence considered as a matter of legal right, he should amend his petition. There is no doubt that the court, in such a case, may properly direct the jury to find the fact according to the évidenee admitted, and order the pleadings to be amended to conform thereto. But the power of the court to admit the evidence and order the amendment, and the right of a party to have the power exercised, are very different propositions. It certainly is. not error for the court in its instructions to the jury, to direct them to consider such evidence only as relates to the issues made'by the pleadings. ’ ’
It can logically, be said, therefore, that it is certainly not error for the court to limit its charge only to the issues raised by the pleadings, although if issues be raised by the evidence properly admitted or admitted without objection the court can charge in accordance therewith.
The case of Banta v. Marlin, 38 O. S., 534, where, because the evidence in support of an allegation of extension of time differed as to the amounf of time from that alleged, the court erroneously instructed the jury to disregard such evidence, is not in conflict with this rule.
It follows, therefore, that unless the issue of contributory negligence is raised by an allegation in the petition that the plaintiff is without fault and a denial thereof by means of a mere general denial in the answer, although there was evidence pertaining thereto in the res gestae of the case or in evidence admitted’ without objection, the court can charge upon such issue, but is not required so to do if such be the state of the pleadings at the time such charge is ashed.
Cases of gross abuse in the exercise or non-exercise of discretion need not be considered.
In the case at bar the plaintiff alleged that without any fault or any neglect on her part her property was injured by certain *365 specific acts of negligence by the defendant. The defendant filed a general denial.
In 1895, in the case of Coal Co. v. Estievenard, 53 O. S., 43, the Supreme Court on page 51 says:
“The plaintiff avers in his petition that he was without fault or negligence in the premises. This allegation is denied in the answer, and thus issue is fairly joined upon the question of negligence on the part of the plaintiff below. While the issue as to plaintiff’s contributory negligence is thus made up by the averment in the petition and denial in the answer, the course of trial and proof remained the same as if the answer had averred contributory negligence, and the reply had denied the same. ’ ’
A judgment in favor of the plaintiff was reversed for error of the court in refusing to give certain special charges asked for by the defendants upon the issue of contributory negligence.
In 1905, in the case of Cincinnati Traction Co. v. Forrest, 73 O. S., on page 4 the court says:
“It is true that the petition contained an averment that the accident occurred without fault or negligence on the part of the plaintiff and that this was denied by a general denial, but such denial was not the equivalent of an allegation of contributory negligence because the entire incident itself as pleaded was denied. The element of contributory negligence could not, in the nature of things, become a feature of an event which did not occur at all. From this it follows that there was no issue in the pleadings respecting contributory negligence. Nor was such issue raised by the evidence.”
The judgment below was reversed for error in charging upon the subject of contributory negligence.
In 1906 in the case of Cincinnati Traction Co. v. Stephens, 75 O. S., 171, the same ruling was made although the record in the case shows that the defendant offered evidence tending strongly to establish that the injured child had suddenly left the sidewalk and with her view unobstructed and without looking in the direction of the approaching car, ran in front of it and was killed.
*366 In 1907, in the-case of Drown v. Traction Co., 76 O. S., 234, the third syllabus is:
“Since the plaintiff can recover only upon the allegation of his petition, he can not recover upon negligence which warrants the application of the rule of ‘last chance’ without alleging it in his petition.”
In the opinion, however, on pages 249-250 the court takes a broader view and in effect says that a charge involving the doctrine of “last chance” is erroneous, because neither the petition nor the evidence authorize such charge, the case both in pleading and evidence being simply a ease for a charge upon contributory negligence without the addition of any charge upon the subject of “last chance.”
In the cases of Cincinnati Traction Co. v. Kroger, 10 C. C.— N. S., 64, and Cincinnati Traction Co. v. Johnson, 10 C. C.— N. S., 467, the circuit court from the language used seems to take a narrower view as to the right of the court to charge by restricting such right to issues made by the pleadings, but the statements of the court may well be considered as being broad enough for the purposes of these cases, as it does not appear from the report of such cases that there was any evidence pertaining to the issue not raised by the pleadings. If there had been such evidence- the court might have' used different language. That the court would in such case have used different language, is shown by its decision in the ease of Hanauer Auto Company v. Evans, 12 C. C.—N. S., 512, where the court sustained a charge because the evidence not being set out in full, it did not appear that the charge was not made relevant by the evidence, although possibly not by the pleadings.
If, therefore, in the case at bar the charge as to the concurrent negligence of plaintiff and defendant had been asked for as a special charge at the proper time, the refusal to give such charge would have been error only if the issue of contributory negligence were raised by the pleadings, for only if so raised would the defendant as a matter of right be entitled to such a charge. Even if such issue were raised .by the pleadings in this case the *367 request was not made until after the court had finished its general charge and a refusal to then so charge is not error; otherwise the provisions of the statute requiring special charges to be asked for before the argument, would be without effect, and an astute practitioner would reserve all such requests until after the general charge. Whether such issue was raised by the pleadings or not, as there were at least scintillas of evidence in support thereof, such charge could have been given by request or otherwise without error. It is true that the charge must substantially cover all undetermined issues raised by the pleadings, and if the court does charge upon any issue, such charge must be reasonably complete so as not to be misleading; otherwise a general exception to the charge should be sustained.
In this cas§ the court in its general charge in substance said, that if considering all the evidence offered by the plaintiff a presumption of negligence on the part of the plaintiff as the direct cause of the accident remained in the minds of the jury, a verdict should be returned for the defendant. The evidence as to the res gestae offered by the plaintiff was to the effect that the accident was caused by defendant’s negligence, and the evidence offered by the defendant was that'the direct cause was plaintiff’s negligence. The charge given, therefore, even though not relevant to any issue raised by the pleadings, was relevant upon the issues raised by the evidence. It was a charge as to plaintiff’s negligence as the direct cause of the accident, but not as to contributory negligence, and therefore, was not within the rule as to incompleteness of a charge upon such issue. It is true that the jury are not required to find the facts to be either as claimed by the plaintiff or by the defendant, but may find them to be a combination or modification of both claims. And in view of the scintilla of evidence as to contributory negligence, which for the purpose of this -motion is presumed to be in the case, the jury might have concluded that the concurrent negligence of both was the cause of the accident, but even though such might have been th'e finding under the state of the evidence, inasmuch as contributory negligence was not pleaded, under the case of Mehurin v. Stone, 37 O. S., 49-50, above referred to, the defend *368 ant was not as a matter of right entitled to any charge upon contributory negligence. The charge given not making any reference to contributory negligence specifically or in substance, was not therefore, an incomplete’charge upon such issue.
In regard to the second ground for a new trial, i. e., failure to offer any proof of the appointment of the administrator of the deceased plaintiff, such fact being a matter of public record in this county, would not be denied by a general denial. If the court was right in reviving the action immediately preceding the trial in the -name of the administrator of the plaintiff and ordering the trial to proceed (and there is no reason given why the court was not right), the question of the administrator’s appointment, in the absence of any allegation of specific denial of such fact in the pleading filed by the defendant, was for the purposes of the case a determined fact (Mo. Pacific Ry. Co. v. Fox, 56 Neb., 746-749; Moore v. Hamilton, 44 N. Y., 666-672). No further proof of such appointment was therefore necessary. Even now, counsel for the defendant does not claim that such appointment was not duly made, nor that the defendant was in any way prejudiced by such revivor.
The motion for a new trial is therefore overruled, especially as the verdict, considering all the evidence, is a just verdict.