## ZOLLINGER v. DURHAM et al.

No. 8947—Opinion Filed March 25, 1919.

(179 Pac. 752.)

(Syllabus.)

### Judgment—Revival—Parties—Waiver of Defect.

Where a party consents or fails to object properly to a revival of a judgment in the name of the heirs at law instead of the personal representatives of the deceased, and no appeal is prosecuted from the order, the defect, if any, is waived, and he cannot aft-

erwards complain because the judgment was not revived in the name of the personal representatives.

Error from District Court, Harper County; W. C. Crow, Judge.

Action by Sam Zollinger against Olive Durham, and others. Demurrer to petition sustained, and plaintiff brings error. Affirmed.

M. W. McKenzie, E. J. Dick, and W. C. Lewis, for plaintiff in error.

D. P. Parker, Bernard L. Sheridan, and Frank M. Sheridan, for defendants in error.

HARDY, C. J. Zollinger commenced this action in the district court of Harper county against Olive Durham and others, seeking to have cancelled, vacated and set aside a certain judgment theretofore rendered against him in the district court of Woodward county. The petition alleged that on January 29, 1908, one Fred Durham obtained a judgment against plaintiff in the district court of Woodward county, and that on January 30, 1913, more than five years after the date of the rendition of said judgment, defendants herein obtained an order reviving said judgment in the name of said defendants as the sole and only heirs at law of the said Fred Durham, deceased, that said judgment was dormant, was barred by the statute of limitations, and that the court was without authority to make said purported order of revivor, and that plaintiff was the owner of certain real estate in Harper county, and that a certified copy of said judgment was filed for record in the office of the district clerk of Harper county, and constitutes a cloud upon his title thereto. Demurrer was sustained to the petition, and plaintiff assigns error upon the action of the court, and urges in support thereof that the judgment should have been revived in the name of the personal representatives of deceased, and that defendants, as heirs, were not the proper parties in whose name said judgment might be revived. Rev. Laws 1910, §§ 5290 to 5300, both inclusive, provide the cases in which and the manner whereby revival of actions and judgments may be had in this state.

If we assume that plaintiff's contention is correct that said judgment should have been revived in the name of the personal representatives of deceased, still the court was right in sustaining the demurrer. It appears that due notice of the application to revive was given to plaintiff, and that he made no objection to revival of the judgment

as prayed, nor did he prosecute an appeal from the order reviving same, and, this being true, the order of revival is conclusive upon the rights of the defendants to have the judgment revived in their own names and to enforce satisfaction thereof, and their right to do so cannot be questioned in this proceeding; for it is a fundamental rule that, where a party consents or fails to object properly to a revival or continuance of an action in the name of the heirs at law, instead of the personal representatives of deceased, the defect is waived and he cannot afterwards complain on this ground. 1 C. J. 222, 225, 252; McLain v. Parker, 88 Kan. 717, 129 Pac. 1140; Batre et al. v. Auzes Heirs, 5 Ala. 173; Magoon v. Pioneer Mill Co. Ltd., 17 Hawaii, 159; Rogers et al. v. Tucker et al., 94 Mo. 346, 7 S. W. 414; Mo. Pac. Ry. Co. v. Fox, Adm'r, 56 Neb. 746, 77 N. W. 130; Underhill, Ex'r, v. Crawford et al., 29 Barb. (N. Y.) 664; Riley v. Gitterman et al., 10 N. Y. Supp. 38; Dickinson, Sheriff, v. Oliver, 112 App. Div. 806, 99 N. Y. Supp. 432.

The judgment is affirmed.