G. A. SIMMONS, Administrator, Respondent, *v.* F. HEMAN, Appellant.

### April 21, 1885.

1. JUDGMENTS—EXECUTIONS—ADMINISTRATION.—A judgment recovered by the deceased vests, upon his death, in his legal representative, who may have execution issued in his own name.

2. STOCKHOLDERS—RES JUDICATA—PARTIES AND PRIVIES.—Where an unsatisfied judgment in favor of a stockholder and against the corporation has been allowed as a set-off in a former proceeding by another creditor against such stockholder, this cannot avail in a subsequent proceeding against him, such judgment having been in the meantime satisfied.

APPEAL from the St. Louis Circuit Court, ADAMS, J. *Affirmed.*

R. F. WINGATE and M. McKEAG, for the appellant: A proceeding by motion, against a stockholder, is not an independent proceeding, but a continuation of the suit to obtain satisfaction of the judgment against the bank.— *Allen* v. *Benton,* 9 Mo. App. Rep. 579 ; *Allen* v. *Benton,* 79 Mo. 179. The suit against the deceased abated and should have been revived.—*Rutherford* v. *Williams,* 62 Mo. 252. A judgment creditor of a corporation, when sued as a stockholder, may offset his judgment.—*Donnelly* v. *Mulhall,* 12 Mo. App. 139.

H. I. D'ARCY and J. P. MAGINN, for the respondent; The judgment of his intestate survived to the plaintiff's administrator, and execution thereon could be sued out in his name under a section of the statutes which appellant nowhere quotes or refers to, viz, Revised Statutes, sect. 2742. What appellant *does* refer to, *does not* affect the case at bar, where a judgment had been rendered for plaintiff before his death. His authorities all refer to a revival during the pendency of a cause.—Rev. Stat., sect. 3668; *Rutherford* v. *Williams*, 62 Mo. 252; *Baker* v. *Crandell*, 78 Mo. 592.

ROMBAUER, J., delivered the opinion of the court.

This is a proceeding by motion under the statute against a stockholder of an insolvent corporation. The motion was filed by the administrator of the judgment creditor, and, the trial court, upon its hearing, awarded execution against the defendant stockholder for $515.44-100. From this order of the court the stockholder appeals.

Two objections are made to the validity of the order by appellant. First that the proceeding being one by an administrator, and it not appearing that the suit against the corporation was ever revived in his name, the proceeding should have been dismissed. This objection is based on the ground that the proceeding against the stockholder, is not the institution of a new suit, but a mere incidental proceeding to the suit against the corporation. The premises of the objection are correct, but the conclusions drawn are erroneous. The original claim against the corporation had merged into judgment and the judgment became vested in the administrator by law. The statute expressly provides that in such event execution may be sued out by the legal representative and in his name. Where such execution is sued out against the corporation it is issued as a matter of course.—Rev. Stat., sect. 2742. Where it is issued against the stockholder it is issued by special order of the court, upon previous notice and hearing.—Rev. Stat., sect. 736. The execution against the stockholder affects only the seizure in his hands of part of the capital stock, which is corporate

property and a trust fund for the payment of its credit-ors. The judgment against the corporation is a conclu-sive ascertainment of the debt and it would seem cannot be questioned in this incidental proceeding by the stock-holder.—Thompson on Liab. of Stock, sects. 339 and 327 and cases cited. Nor was any attempt made in this case to attack the validity of the judgment against the cor-poration. The first objection therefore is wholly unten-able.

The second objection made, is that the judgment of the trial court awarding the execution is unsupported by the evidence.

This objection is sought to be substantiated in the fol-lowing manner : It stands conceded by the testimony that the defendant stockholder was, at the date the plaintiff's execution against the corporation was return-ed *nulla bona*, a holder of 85 shares of the par value of $100 each, and that he had prior thereto paid on account thereof to the corporation $50 on each share, leaving him indebted on account thereof in the sum of $4,250.

Several judgment creditors of the corporation proceeded against him by motion and garnishment, prior to the time that plaintiff filed his motion ; and upon such proceedings the defendant stockholder was compelled to pay and did in fact pay the following amounts : To R. D. Kohn, $1,475 ; to Edward Walsh, $111 80-100 ; to J. K. Cum-mings, $55 and to Dennis Godfrey, $55 90-100; the payments thus made aggregating $1,697.70. The defendant stock-holder was, at the date of these proceedings, a judgment creditor of the corporation and his judgment was allowed as an offset in the proceeding by Kohn, for $2,775. The amounts paid by the stockholders to the corporation and its creditors aggregate $5,847.70, and, with the offset of $2775, exceed the entire par value of his 85 shares. These facts appearing in defence against the motion, the plain-tiff offered to prove and did prove, that the defendant stockholder had collected upon his judgment against the corporation subsequently to the hearing on the Kohn mo-tion the sum of $703.59 by proceeding against other stock-

holders. To this evidence the defendant stockholder objected on the ground that his indebtedness to the corporation was adjudicated in the Kohn proceeding, that the plaintiff herein and Kohn are privies in estate and that plaintiff was estopped to deny the validity of that finding and judgment.

This objection rests on a misconception of every element of law and fact necessary to give it vitality. In the first instance, plaintiff and Kohn are in no sense privies in estate. There is no privity between creditors in such cases.—Freeman on Judg., sect. 16; *Wheeler* v. *Aldrich* 13; *Gray*, 51; *Breadig* v. *Siegworth*, 29 Pa. St. 396. In the next place, if they were, the only matter adjudged in the Kohn proceeding touching this subject, was that defendant had at that time a valid offset against the corporation to the amount of $2,775. *Non constat* but, between the date of that proceeding and the date of this proceeding, he may have divested himself entirely of this offset; as he actually is shown to have divested himself of it to the extent of $703.59.

This objection to the rulings of the trial court being also untenable and the finding being supported by the testimony offered, it results, that the judgment awarding the execution must be affirmed. Judge Thompson concurring, it is so ordered. Judge Lewis is absent.