McLain v. Parker.

---

JULIA A. McLAIN, as Executrix, etc., *Appellant,* v.
M. V. B. PARKER, *Appellee.*

No. 17,930.

SYLLABUS BY THE COURT.

1. FOREIGN JUDGMENT—*Service—Fraud Not Sustained.*   An al-
legation that a defendant was inveigled into another state
for the purpose of obtaining service upon him is not sus-
tained by proof that he would not have gone to that state
except for the fact that the plaintiff had told him the action
was to be brought in Kansas.

2. ———— *Jurisdiction — Construction of Foreign Statute.*   A
contention that a judgment rendered in another state is void
for want of jurisdiction of the subject matter, which turns
upon the construction of the statute of that state, is not
maintainable where upon appeal the judgment has been af-
firmed by the court of last resort.

3. ACTION—*On Foreign Decree in Equity—When Maintainable.* An action may be brought upon the decree of a court of equity of another state adjudging the unconditional payment of money, notwithstanding that as a preliminary thereto the party in whose favor such judgment was rendered was required to deposit certain deeds with the clerk, to be delivered to the debtor upon the payment of the judgment.

4. REVIVOR—*Properly Had in Name of Local Executor.* Upon the death of the plaintiff in an action upon a judgment rendered in another state, both parties being residents of Kansas, a revivor is properly had in the name of the executor appointed in this state, notwithstanding an administrator has been appointed in the state where the judgment was rendered.

5. ———— *Consent to Order of Revivor.* A defendant who, upon the death of the plaintiff, expressly consents to an order reviving the action, can not be heard to maintain that the revivor was void because not made in the name of the proper representative.

6. ———— *No Revivor of Foreign Judgment Necessary.* Where, upon the death of the plaintiff, an action upon a judgment rendered in another state is properly revived in the name of the personal representative, a recovery will not be prevented by a failure to revive the foreign judgment.

7. ACTION—*On Foreign Judgment—Necessary Proof.* To recover upon a judgment rendered in another state by a court of general jurisdiction, it is not ordinarily necessary to introduce copies of any part of the record except that showing the rendition of the judgment.

Appeal from Johnson district court. Opinion filed February 8, 1913. Reversed.

*Thurmond & Farrar,* of Kansas City, Mo., for the appellant; *Hoyt A. Poorman,* and *Flavel Robertson,* both of Kansas City, Mo., of counsel.

*I. O. Pickering,* of Olathe, for the appellee.

The opinion of the court was delivered by

MASON, J.: Carey McLain obtained a judgment in a circuit court of Missouri against M. V. B. Parker, both being residents of Kansas. He then sued upon the judgment in this state. While the action was

McLain v. Parker.

pending he died, and it was revived in the name of his executrix. The defendant contended (1) that the Missouri judgment was void because the court rendering it had no jurisdiction of his person or of the subject matter, (2) that it was but a part of a decree which required the performance of other acts than the mere payment of money, and therefore would not support an action in this state, and (3) that the executor had no authority to maintain the action, that an administrator having been appointed in Missouri, the Kansas action could be revived only in his name, and that the Missouri judgment was extinguished by the failure to revive it within a year from McLain's death. The trial court ruled against the first two contentions, but sustained the third, and rendered judgment for the defendant accordingly. The executrix appeals.

The contention that the Missouri court had no jurisdiction of the defendant's person is based upon testimony to this effect: Before the action was begun McLain's attorney told Parker that it would be brought in Johnson county, Kansas, where both parties resided; if it had not been for this statement Parker would not have gone to Missouri; a short time afterwards he was served with summons in Kansas City, Mo. There was no evidence that his trip to Kansas City was in any way induced by the plaintiff. We do not think the mere statement that the action was to be brought in Kansas can be regarded as an agreement that it should not be brought elsewhere, or as a sufficient foundation for the claim that the defendant was inveigled into another jurisdiction.

The contention that the Missouri court was without jurisdiction of the subject matter is based upon the fact that as a preliminary to the recovery of a judgment against the defendant the plaintiff was required to execute to him deeds to property not situated in the county where the action was brought, while a Missouri statute requires "suits for the possession of real estate

or *whereby title thereto may be affected*" to be brought in the county in which at least some part of it is situated.  The question presented concerns the construction of the Missouri statute.  Upon appeal to the supreme court of that state the judgment was affirmed, and this must be regarded as an authoritative interpretation in favor of the jurisdiction exercised.

The Missouri judgment was based upon a petition declaring upon several distinct transactions, each pleaded as constituting a separate cause of action.  In each instance the plaintiff asked to have the court annul on account of fraud a contract which he had made with the defendant for the purchase of real estate, two tracts being situated in Missouri (but not in the county where the action was brought) and the rest in Arkansas or New Mexico.  As a condition to recovery upon each transaction the court required the plaintiff to execute and deposit with the clerk a deed to the property involved, naming the defendant as the grantee.  The plaintiff complied with this condition before the judgment was rendered.  He was given an absolute and unconditional judgment for the recovery of a specific sum of money upon each count, but the decree included a provision that upon the satisfaction of each item of such judgment the corresponding deed should be delivered to the defendant.

It is said that an action can not be brought upon the decree of a foreign court ordering a payment of money, if it also requires the performance of some other act. (23 Cyc. 1504, 1560; 13 A. & E. Encycl. of L. 1008; 2 Black on Judgments, 2d ed., §§ 869, 962; 2 Freeman on Judgments, 4th ed., § 434.)  The application of this rule is illustrated, and the limit upon its operation is shown in *Du Bois v. Seymour*, 81 C. C. A. 590, 152 Fed. 600, where it was said:

"Final decrees of courts of equity have the same conclusive effect as to questions of fact determined by them as judgments at law.  If a final decree adjudges a fixed and certain sum to be due and owing from the

McLain v. Parker.

defendant to the complainant, and nothing more, an action at law may be maintained on it for the recovery of the sum so adjudged to be due and owing; but the decree must be an unconditional one. The specific sum of money adjudged to be due must be payable, in all events. If there be a condition annexed to the decree which renders it uncertain whether payment shall ever be obligatory, the decree is not a record on which the common-law action of debt, or any other action at law instituted for the purpose of recovering a debt, can be founded." (p. 593.)

Here the court rendered an ordinary. money judgment, collectible upon execution. Its enforcement was not made to depend upon any act to be subsequently performed. When it was paid or satisfied the defendant was entitled to receive the deeds from the clerk, but the plaintiff had nothing more to do with them. There may be difficulty in stating the theoretical condition of the title to the real estate resulting from this arrangement. It is not necessary to formulate an accurate definition. Practical problems are suggested as likely to result from the fact that the record title remains in the plaintiff, but their solution need not be undertaken until they arise. The existence of security for the judgment does not prevent an action upon it. If the defendant owned real estate in the county where it was rendered the result would be a lien which would be released upon its payment, but this would not preclude its collection by proceedings elsewhere. It is by its terms payable at all events; it is collectible upon execution; and it is capable of supporting a new action in another state.

We think that upon the death of the plaintiff in the action brought in Kansas a revivor was properly had in the name of the executrix. The original decree, like other personal judgments for the payment of money, is to be regarded in two aspects: as a conclusive determination of the fact of the indebtedness, and as a basis for its collection by execution. In the latter as-

46—88 KAN.

pect, the ancillary administrator appointed in Missouri may have been its legal owner, and the person entitled to its control.  But the action brought upon it in McLain's lifetime was essentially one to recover upon the original claim, the judgment being invoked as a conclusive determination of its validity.  The right to the maintenance of the action already brought passed to the executrix.  She was entitled to receive the proceeds of the judgment, even if it should be collected by the Missouri administrator, subject to the claims of any creditors in that state.   (18 Cyc. 1235.) The defendant is not exposed to any greater risk of unnecessary annoyance than if the judgment in Kansas and that in Missouri stood in the name of the same individual.  He will, of course, in either case be protected against liability for a double satisfaction.  No possible unfairness or injustice can result to him from this feature of the proceedings.  Moreover, the defendant explicitly consented to the revivor in the name of the executrix, and in view of that fact can not be heard to question her capacity to maintain the action.

The defendant maintains that the judgment in the Missouri circuit court, not having been revived within a year after the death of the plaintiff, has become a nullity for all purposes.  In Kansas a revivor is necessary to preserve the vitality of a judgment upon the death of the plaintiff, and can only be made within a year.  (*Mawhinney v. Doane*, 40 Kan. 681, 20 Pac. 488.)   The law of Missouri appears to be otherwise (23 Cyc. 1439; *Simmons v. Heman*, 17 Mo. App. 444), although evidence to that effect was not introduced. But even assuming that the Missouri judgment has lost its vitality by reason of the failure to revive it within a year from the appointment of an administrator in that state, it is still evidence of the validity of the claim on which it is based.  (*Douglass v. Loftus, Adm'x*, 85 Kan. 720, 119 Pac. 74.)   The judgment was in full force when the action was begun in Kansas upon

it; this action was revived in due time after the death of the plaintiff, and the right of recovery was preserved, even although during its pendency the right to issue execution upon the original judgment was permanently lost. The principle is similar to that applied in the case last cited and in *Kothman v. Skaggs,* 29 Kan. 5, and *Steffins v. Gurney,* 61 Kan. 292, 59 Pac. 725.

The defendant maintains that the existence of the judgment against him was not sufficiently proved because the transcript introduced in evidence included only a copy of the judgment itself, and not of the pleadings or other proceedings. The purpose being only to establish the fact of the judgment, this was sufficient. (23 Cyc. 1574; 13 A. & E. Encycl. of L. 1045, 1046.) The decree, however, contained recitals showing in considerable detail the character of the action in which it was rendered.

It appears that while the action upon the Missouri judgment was revived in the name of the executrix on May 6, 1907, the petition was not amended so as to set out her appointment and qualification until January 4, 1911. The defendant urges that the statute of limitations was not interrupted by the order of revivor, that no action was pending in behalf of the executrix until the amendment of the petition, and that in the meantime the statute of limitations had run. Where a plaintiff dies and the action is revived in the name of a successor the petition should be amended so as to allege the interest of the new party in issuable form (*C. B. U. P. Rld. Co. v. Andrews, Adm'r,* 34 Kan. 563, 9 Pac. 213), but the mere order of revivor is sufficient to prevent the running of the statute (*Railroad Co. v. Menager,* 59 Kan. 687, 54 Pac. 1043).

The judgment is reversed and the cause remanded with directions to render judgment for the plaintiff.