NOZISKA et al., Respondents, v. ATEN, Appellant.

(152 N. W. 694.)

(File No. 3716.  Opinion filed May 17, 1915.)

1. Actions—Parties—Parties Plaintiff—Joint or Separate Interests of Plaintiffs—Assignment of Claim for Proposed Suit—Neglect of Attorney in Prior Suit, Action to Recover for—Directing Verdict.

Where one claimant against a debtor assigned his claim so that assignee could sue in attachment under that and his own claim, and both claimants signed a bond indemnifying a constable under the attachment, and both were required, in a suit on the bond, to pay the amount thereof, held, that both were proper parties plaintiff in a suit against the attorney who brought the former suit, for negligence resulting in their being compelled to pay the amount of such bond; and defendant's contention that he was not attorney for the assigning claimants in the original suit, and that under the evidence in the present suit the plaintiffs were not jointly obligated to save the constable harmless, their cause of action against defendant, springing therefrom, was also joint; and the trial court properly refused to direct verdict for defendant.

2. **Pleadings—Parties Plaintiff—Amendment—New Parties—Identity of Partners—Assignment of Part of Claim Before Suit—Judicial Discretion.**

Where plaintiffs' attorney, in support of a motion to amend complaint in name of two individuals against an attorney for negligence resulting in the plaintiffs having to pay an indemnity bond they had signed in an attachment suit, filed an affidavit showing he believed when he drew the complaint that plaintiffs were partners and that the claim under which the former suit was brought was a partnership claim and that the two present plaintiffs individually had signed the bond, but that he had since learned that two others were partners of one of the plaintiffs and that such partnership was the real party in interest, **held**, that the allowance of such amendment was not an abuse of discretion.

3. **Pleadings—Parties Plaintiff—New Parties—Power to Amend Under Statute.**

Under Code Civ. Proc., Sec. 150, authorizing the court, before or after judgment, in furtherance of justice, to amend proceedings, the court had power to permit such amendment showing who were the joint obligors and allowing a partnership to be joined.

Appeal from Circuit Court, Tripp County. Hon. WILLIAM WILLIAMSON, Judge.

Action by John C. Noziska and others against A. K. Aten, Jr., for damages resulting from negligence of defendant as an attorney. From a judgment for plaintiffs, and from an order denying a new trial, defendant appeals. Affirmed.

*E. O. Patterson*, for Appellant.

*R. H. Molitor*, for Respondent.

(1) Under point one of the opinion, Appellant cited: Shull v. Barton, 77 N. W. 132, 136; Central State Bank of Geneseo et al. v. Walker, 53 Pac. 379; Code Civ. Proc., Sec. 87; St. Louis & S. F. R. Co. v. Dickenson et al., 118 Pac. 140; Martin v. Davis, 82 Ind. 38.

(2) Under point two of the opinion, Appellant cited: Stirling v. Heintzman, 4 N. W. 711.

Respondent cited: 31 Cyc. 489; Eastin v. Ryden, 20 La. Ann. 251; Houghland v. Avery Coal and Mining Co., 152 Ill. App. 575.

(3) Under point three of the opinion, Appellant cited: Waits Prac., Vol. 4, p. 655; Farr v. Kavanaugh, 93 N. W. 1083; Hallet v. Larcom, 51 Pac. 108.

WHITING, J.  This action was instituted in the name of John C. Noziska and F. F. Sinkler, as plaintiffs, and in their complaint they alleged, in substance, as follows:  That the defendant is, and was at all times therein mentioned, a duly licensed and practicing attorney at law, holding himself out as such attorney within this state; that plaintiffs employed the defendant, as such. attorney, to prosecute a certain action in justice court, on behalf of plaintiffs and against one Mundorf and wife, for the recovery of money claimed to be due for merchandise sold and delivered by plaintiffs to said Mundorfs; that the defendant undertook to prosecute said action in a proper, skillful, and diligent manner as the attorney for these plaintiffs; that the defendant, in prosecuting such action, procured the issuance of a writ of attachment, and, by virtue of such writ of attachment, had certain property of the Mundorfs seized, attached, and taken into the possession of one Holbrook, then a constable in and for the county wherein said action was brought; that these plaintiffs, by an undertaking given under the advice of defendant, indemnified the said Holbrook against loss by reason of said seizure and attachment; that it therafter appeared that the said Mundorfs were not residents of this state; that thereupon said action, under the advice and procurement of defendant, was abandoned, and another action instituted on behalf of these plaintiffs by said defendant, in which said action defendant sought to make service of process on the Mundorfs by advertisement, though no writ of attachment or summons in garnishment was procured or issued in said second action; that, upon such defective service of process and lack thereof, such action was prosecuted to judgment, and the property of Mundorf, seized as aforesaid, and still held by said constable, was sold to satisfy the said judgment, all being done upon the advice of defendant acting as such attorney for plaintiffs; that thereafter Mundorf brought an action in conversion against the constable for the conversion of the property attached and held by him, and recovered judgment for the value of same, and for interest and costs, which said judgment these plaintiffs were compelled to, and did, pay and satisfy in accordance with their un-

dertaking and agreement with said constable to hold him harmless.   Plaintiffs sought to recover from the defendant the amount so paid out in satisfaction of the judgment against the said constable.   After answer plaintiffs sought leave of court to amend the complaint herein by substituting, in place of John C. Noziska as one of said plaintiffs, the names of John C. Noziska, E. D. Noziska, and D. L. Noziska, as copartners doing business under the firm name and style of Colome Mercantile Company. Leave was granted, and the complaint was amended by the change in the name of the plaintiffs, and by adding an allegation to the effect that the said three parties named as copartners were copartners doing business under the name and style of Colome Mercantile Company, and further amended to show that the undertaking entered into with the constable was the joint undertaking of the said copartnership and Sinkler.   Trial was had, and verdict rendered in favor of plaintffs.   Judgment having entered on said verdict, the defendant has appealed to this court from such judgment, and has assigned as error:   (1) The granting of the order allowing the amendment to the complaint; (2) two certain rulings of the court sustaining objections to questions asked of the plaintiff Sinkler when a witness upon the stand; (3) the overruling of defendant's motion, made at the close of plaintiff's case, and at the close of all of the evidence, asking for a directed verdict in favor of defendant.

The two assignments questioning the rulings of the court in excluding evidence need no further attention from this court than to state that, even if erroneous, it is clear the rulings could not have been prejudicial.

[1] In support of his motion for directed verdict, appellant urged that, in the action wherein it was claimed he was guilty of negligence, the sole plaintiff was the mercantile company; that appellant was not attorney for Sinkler in such action; that, under the evidence in the present case, no separate judgments could be entered in favor of the partnership and Sinkler; and that it appeared from such evidence that the plaintiffs were not jointly interested in the result of this action, but that their interests were separate and distinct.   There is no merit in any of these contentions.   It appeared that the mercantile company and Sinkler held separate accounts against the Mundorfs.   In ac-

cordance with the advice of appellant, Sinkler, for the mere pur-
poses of suit and to prevent the necessity of two actions, assigned
his claim to the mercantile company, in whose name, as plain-
tiff, the two actions in justice court were prosecuted, in both of
which actions recovery was sought upon Sinkler's claim, as well
as the claim of the nominal plaintiff.    Appellant was attorney
for both the mercantile company and Sinkler.    The mere fact
the action was brought in the name of one of such parties for
the purpose of avoiding the necessity of two suits did not make
him attorney for that one party only; in all that he did in the
actions in the justice court appellant was acting as the attorney
for both the partnership and Sinkler.    It is unnecessary for us
to consider the contention that no separate judgments could be
entered herein for the reason that the trial court did not enter
separate judgments.    It needs neither argument nor authority
to show that the claim of respondents against appellant is a joint
claim.    These parties had become jointly obligated to save the
constable harmless; their liability to such constable was not limit-
ed to the proportionate amounts of their claims against the Mun-
dorfs; their liability being joint, their cause of action against
appellant, which cause of action sprung from such liability to
such constable, was also joint; and it was no affair of appellant's
whether the amount paid to the constable was paid by one or
both of said parties; this was a matter of adjustment solely be-
tween themselves.

[2] Did the court err in granting the amendment? Appellant
in objecting to such amendment, contended: (1) That the amend-
ment proposed was not authorized by the statute, that such pro-
posed amendment was in effect, the substitution of new parties
plaintiff, and not the addition of new parties, and that the proposed
complaint was not an amendment of the complaint, but a new
complaint, setting forth a new cause of action; (2) that, from the
affidavits submitted upon the hearing of the motion to amend,
it appeared that all the facts presented as a basis for such amend-
ment were within the knowledge of the plaintiffs at the time of
the commencement of this action, and that their attorney knew, or
should have known, of the existence thereof.    From the affidavit
of respondents' attorney, submitted upon the motion to amend
complaint, it appeared that he drew the original complaint sup-

posing that the plaintiffs therein named were partners, that the claim upon which the suits in justice court were brought was a claim which they, as partners, held against the Mundorfs, and that these two plaintiffs individually had given the undertaking to the constable; that he had since learned that the three Nosiskas were partners, and that such partnership was one of the real parties in interest, and should have been made a party plaintiff. While the showing made by defendant was such as might have justified the trial court in refusing the amendment, yet we do not believe, that such court, in granting the amendment, abused its discretion, provided, as a matter of law, it had power to allow the amendment.

[3] Was the amendment such an one as is authorized by section 150, C. C. P.? Such section provides:

"The court may, before or after judgment, in furtherance of justice, * * * amend any pleading, * * . * by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect; or by inserting other allegations material to the case. * * *"

If this action had been brought by respondent Sinkler alone, and he had erroneously alleged, either that he alone entered into the undertaking with the constable, or that he and some other party other than the true party entered into such undertaking, certainly the trial court would have had authority to allow an amendment correcting the mistake in such allegation, as such amendment would be one that should be allowed in furtherance of justice, unless, for some reason shown to the court, the court, in the exercise of a wise discretion, should have refused same. Kelsey v. C. & N. W. Ry. Co., 1 S. D. 80, 45 N. W. 204. After such amendment Sinkler could have prosecuted such action to judgment and recovered against appellant upon such amended. complaint, provided appellant failed to demur to such complaint upon the ground of defect of parties plaintiff. That being true, it follows that there could be no error in granting to Sinkler the amendment showing who, in fact, was his joint obligor on the undertaking. If that had been the only amendment, then, unless there was a demurrer interposed upon the ground of defects in parties plaintiff, the cause could have been prosecuted to judgment, and judgment recovered by Sinkler, although his codefendant was nosuited. If, after such amendment, the defendant

had—as he clearly in such case might—demurred upon the ground that there was a defect of parties plaintiff in that the partnership was not a party to such action, clearly the court, in sustaining such demurrer, would have been bound to allow such partnership to be joined in an amended complaint and the cause to proceed. 15 Ency. P. & P. 750, 751; 30 Cyc. 143, 144.

The judgment appealed from is affirmed.