## ATLAS ASSURANCE COMPANY OF LONDON v. FAIRCHILD.

No. 24045. March 5, 1935.

Rehearing Denied April 23, 1935.

Thurman, Bowman & Thurman and T. Raymond Higgins, for plaintiff in error.

R. S. Howe, for defendant in error.

PER CURIAM. This action was instituted in the district court of Choctaw county by C. G. Messer, agent of W. A. Fairchild, as plaintiff, against the Atlas Assurance Company of London, as defendant, to recover on a fire insurance policy issued by the defendant to W. A. Fairchild, for a loss sustained by the said W. A. Fairchild by reason of the burning of the building upon which said policy of insurance was issued. For convenience the parties will be herein referred to as they appeared in the court below.

C. G. Messer, as agent for W. A. Fairchild, and appearing as plaintiff, filed his petition in the district court of Choctaw county on September 8, 1928, and caused a summons to be issued thereon and served on Atlas Assurance Company of London, as defendant. The plaintiff, C. G. Messer, alleged that he was the duly authorized, empowered, and acting agent for one W. A. Fairchild under and by virtue of a certain power of attorney with full power to sue, etc. He further alleged that W. A. Fairchild was the owner of a certain one-story frame building, located on lot twenty-one (21) block eight (8), in the town of Forney in the state of Oklahoma. And that the defendant insurance company issued its policy of insurance No. 292, insuring the said W. A. Fairchild against loss by fire on said building for the term of one year from the 7th day of February, 1927, to an amount not exceeding $400. That on the 1st day of October, 1927, and while the said W. A. Fairchild was still the owner and in possession of said property, it was completely destroyed by fire and that the reasonable value of the building, at the time, was $1,066. That he notified the defendant insurance company of the loss by a proof of loss, subscribed and sworn to on the 17th day of October, 1927, and that on November 23, 1927, the defendant denied all liability on account of said loss under its policy issued as aforesaid. The plaintiff prayed for judgment in the sum of $400, the amount of the policy. On October 8, 1928, the de-

fendant insurance company filed its demurrer to the petition of the plaintiff, and among other grounds demurred that the action had not been commenced and was not being prosecuted in the name of the real party in interest. On October 27th, the plaintiff filed his motion to substitute W. A. Fairchild as plaintiff instead of C. G. Messer, agent for W. A. Fairchild, as plaintiff. Thereafter, and on January 23, 1929, the court ordered the substitution and overruled the demurrer of the defendant; and defendant excepted.

On January 26, 1929, plaintiff filed his first amended petition, in which the case was styled, W. A. Fairchild, Plaintiff, v. Atlas Assurance Company of London, Defendant. The amended petition substantially followed the original petition and asked for the same relief. Afterwards the defendant filed its answer denying generally all the allegations in the plaintiff's petition except such as are hereinafter admitted. It admitted that it is a corporation, that plaintiff was the owner of the property described in its petition, and the issuance of the policy of insurance thereon, that the building was damaged by fire on the 1st day of October, 1927, denied that its insurance policy was in force and effect at the time of the fire, denied the value of the building and the amount of damage, and alleged that plaintiff had failed to furnish a statement of loss, signed and sworn to within 60 days after the fire; that the action was not commenced within one year after the fire; that the action, in fact, was not commenced until after W. A. Fairchild was substituted as plaintiff, and denied any liability whatsoever. To this answer the plaintiff filed his reply, which was sufficient to controvert the issues presented in the answer.

It appears from the record that W. A. Fairchild, the plaintiff, departed this life on the 11th day of May, 1930, and a motion was filed in this action showing that no administrator had been appointed over the estate of the deceased, that he left surviving as his sole and only heirs Letcher B. Fairchild, wife, Ardmore, Okla.; Inez Fairchild, mother, Forney, Okla.; H. T. Fairchild, brother; Lelia Yates, sister; Grace Gregg, sister; Charlie Fairchild, brother, and Jewell Reeder, sister. The address of each of these heirs is set forth in the motion. The motion was filed on November 5, 1930. On January 14, 1931, notice of hearing on the application was filed. On January 14, 1931, objection to revivor was filed by the defendant, Atlas Assurance Company of Lon-

don. What time this notice of application for revivor was served on the defendant does not appear from the record, but the objection to revive the action admits that defendant had notice that plaintiff would apply for an order reviving this action in the name of the heirs, and defendant's attorney consented that the motion be taken up at the time it was heard and passed upon by the court.

On January 14, 1931, the court made its order reviving the action in the name of the above-named heirs of W. A. Fairchild. The defendant did not take any exceptions to the order of the court reviving the action in the name of the heirs. A jury was waived and the cause tried to the court, which rendered a judgment in favor of the plaintiff and against the defendant, Atlas Assurance Company, in the sum of $300. The defendant filed, its motion for new trial, which was overruled by the court, and notice of appeal given and the appeal lodged in this court.

We deem it advisable to set forth this brief resume of the facts, as disclosed by the record, for the reason that five specific assignments of error are made which will have to be considered separately, and the record in this case fails to disclose many dates that should be set forth. The record discloses that the original files were lost and copies were substituted. Many of these copies failed to show the date on which the originals were filed, but the court reporter has included in the record a transcript of the appearance docket, from which the date of the filing of many of the pleadings and other papers may be ascertained.

The defendant, plaintiff in error here, sets forth 13 specific assignments of error, but argues them under five specific heads. It will not be necessary to set forth each assignment of error as contained in the petition in error, but the five heads under which the defendant argues these assignments of error in his brief sufficiently cover the questions presented for this court's decision. We will now take up the errors complained of as set forth in defendant's brief.

"First. The trial court had no authority or power to substitute W. A. Fairchild as plaintiff in the suit, originally instituted by C. G. Messer, as agent for W. A. Fairchild, as the plaintiff, and the order purporting to make this substitution was illegal and void."

We do not agree with the contention of the plaintiff in error. Under section 251 of Oklahoma Statutes, 1931, our statute makes very liberal provisions for amendments. The section reads:

"Formal Defects May Be Amended at Any Time Before or After Judgment: The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform in any respect, to the provisions of this Code, the court may permit the same to be made conformable thereto by amendment."

It is clear that C. G. Messer was not intending to appear as the real party plaintiff, but only in his capacity as agent for W. A. Fairchild. Of course the action should have been instituted in the name of W. A. Fairchild, leaving the name of C. G. Messer out as a party plaintiff. The fact that he was the agent of W. A. Fairchild and was authorized by Fairchild to employ an attorney and have this suit instituted did not make it necessary or proper for his name to appear in the style of the case as a plaintiff. His agency did not need to be set out in the petition unless he was verifying something in connection with it, and then it would be necessary to set out the fact that he was the agent of W. A. Fairchild. It was not reversible error for the court to permit the amendment to be made and substitute W. A. Fairchild as the plaintiff. This could have been done by just striking the words "C. G. Messer, agent for." That would have left W. A. Fairchild as plaintiff.

In 20 Ruling Case Law, page 697, paragraph 35, on substitution of parties, the rule is laid down on page 698 as follows:

"Under statutes, however, allowing amendments in the discretion of the court, the court may permit the substitution of a new plaintiff and this, when a competent is substituted for an incompetent one."

In Reeves v. Noble, 88 Okla. 179, 212 P. 995, Branson, J., speaking for the court, says:

"Under statutes allowing amendments in the discretion of the court, however, such as ours (section 4790, Rev. Laws 1910), the court may permit the substitution of a new plaintiff— a competent plaintiff substituted for an incompetent one. Bedard v. Mahoney (R. I.) 76 Atl. 113; Noziska v. Aten (S. D.) 152 N. W. 694. 64 Am. Dec. 64; Crary v. Kurtz (Iowa) 105 N. W. 590, 119 Am. St.

Rep. 549; White v. Johnson (Ore.) 40 P. 511, and note, citing authorities on page 741."

In Great American Insurance Company v. Keswater, 131 Okla. 196, 268 P. 258, the Great American Insurance Company issued a policy of insurance to Charles I. Shears insuring against loss or damage by fire a certain plant consisting of building machinery, etc. Charles I. Shears executed a power of attorney to Arthur S. Keswater whereby he constituted and appointed Keswater as a lawful attorney for him in his own name, place, and stead and to his use to do anything in and about the settlement and loss occasioned by the fire, etc. Keswater filed suit in his own name, judgment was rendered in favor of Keswater and against the Great American Insurance Company, and in the last paragraph of the opinion the court says:

"The judgment and order of the trial court should be reversed, and the cause remanded with directions to vacate the judgment rendered in favor of Keswater, as attorney in fact for Shears, without prejudice of the right of Shears to be substituted as party plaintiff after the judgment is vacated."

We shall now consider the third proposition of the defendant, as it should follow the first one; it is as follows:

"Third. The action for this loss upon this fire insurance policy was barred by the one-year statute of limitations."

Under this proposition the defendant contends that as this action was brought in the name of C. G. Messer, agent for W. A. Fairchild, as plaintiff, and the court did not have authority to permit the amendment by substituting W. A. Fairchild as plaintiff, that when the court did substitute W. A. Fairchild it was in effect commencing a new action, and that such new action was barred by the one-year statute of limitation provided for in the insurance policy.

We have held that the court did have authority to substitute W. A. Fairchild as plaintiff. By making this substitution and the plaintiff filing an amended petition, setting forth the same cause of action contained in the original petition, the plaintiff did not, thereby, institute a new action. The amendment and substitution related back to the time of filing the original petition, and therefore the action was not barred by the statute of limitation.

In Lilly v. Tobbein, 103 Mo. 477, the last paragraph of the syllabus reads:

"Wills—Suits to Establish—Parties— Amendment—Limitation. When an action to establish a rejected will is commenced in the name of an unincorporated church society, and the petition is dismissed for want of capacity in the plaintiff to sue, members of such church, suing in their own behalf as well as in behalf of all members, may be substituted as plaintiffs by amended petition. Such amendment introduces no new cause of action, and relates back to the commencement of the suit so as to arrest the running of the statutes of limitation."

The second proposition of defendant is:

"Second. As the chose in action was personalty, which, upon Fairchild's death, passed to his estate, the order reviving the action in the name of the heirs of the deceased, W. A. Fairchild, was illegal and void and all subsequent proceedings had, and judgment and orders made in said action are void and of no effect or avail whatsoever."

We do not agree with the contention of the defendant that the revivor in the name of the heirs was illegal and void. It is true the subject-matter of this action is personalty, and if an administrator had been appointed, the action should be revived in the name of the administrator. Defendant cites authorities in its brief to support the proposition that this revivor is void. Some of the cases cited by defendant turn on the question that the order of revivor was made after the expiration of one year from the date it could have first been made, and was for that reason void.

In Glazier v. Heneybuss, 19 Okla. 316, 91 P. 872, cited by defendant, this court held that the revivor should be made in the name of the administratrix of the estate and not in the name of the heirs. The revivor was made in the name of the heirs within the one-year period. After the expiration of more than a year from the date of the death of the plaintiff in the action, the substituted plaintiff attempted to make a revivor in the name of the administratrix. The court held that the statute of limitation had run and the attempted revivor after the statute had run was a nullity. This decision of the Supreme Court of Oklahoma is based upon the exhaustive and able opinion by Horton, C. J., of the Supreme Court of the state of Kansas in Bauserman v. Charlott, 46 Kan. 480, 26 P. 1051, which case was followed by the Supreme Court of the United States in Bauserman v. Blunt, 147 U. S. 647, 37 Law Ed. 316. Under these authorities the right passed to the administrator of the estate of W. A. Fairchild, deceased, and had prop-

er timely objections been made and exceptions saved, it would have been reversible error to revive the action in the name of the heirs.

In the case of McLain v. Parker, 88 Kan. 717, 129 P. 1140, the Supreme Court of Kansas held that a revivor was not void because not made in the name of the proper representative. Paragraph 5 of the syllabus reads:

"A defendant who, upon death of the plaintiff, expressly consents to an order reviving the action, cannot be heard to maintain that the revivor was void because not made in the name of the proper representative."

In 1 C. J., page 222, section 445, under the head of "Waiver and Estoppel," the following rule is laid down:

"As a rule, if defendant, on the death of plaintiff, consents or fails to object to revivor or continuance of the action in the name of the particular party, he waives objection to the latter's capacity as plaintiff, and cannot afterward complain that the revivor or continuance was not in the name of the proper party."

On page 225 of the same volume, section 457, it is stated:

"But if defendant consents or fails to object properly to revivor or continuance of the action in the name of the heir or heirs at law instead of the personal representatives, the defect is waived and he cannot afterward complain on this ground."

In the same volume, on page 252, section 555, the rule is laid down as follows:

"Conclusiveness and Effect. It has been held that an order of revivor is conclusive upon the question whether the action had been properly revived in the name of the person therein named as plaintiff, and whether a recovery could be had in his name, and that an improper order of revival cannot be collaterally attacked, but can be remedied only by an application to vacate the same. And where the death of a sole plaintiff is suggested, and his heirs are substituted by order of the court on proper notice, such substitution sufficiently adjudicates the death of the original plaintiff for the purpose of the case."

The motion of the plaintiff for revivor, omitting the caption, reads as follows:

"Comes now R. S. Howe, and suggests to the court that W. A. Fairchild, plaintiff herein, departed this life on the 11th day of May, 1930, and that there has been no administrator appointed over the estate of the said deceased, but that he left surviving, as his sole and only heirs, the following heirs, to wit: Letcher B. Fairchild, wife, Ardmore, Okla.; Inez Fairchild, mother, Forney, Okla.; H. T. Fairchild, brother, Forney, Okla.; Lelia Yates, sister, Hugo, Okla.; Grace Gregg, sister, Hagaman, Tex.; Charley Fairchild, brother, Mill Creek, Okla.; Jewell Reeder, sister, Hugo, Okla.

"And that attorney for the plaintiff would further show to the court that the wife is the proper party to receive the benefit, if any there be, that may be derived by this cause of action, but that the said heirs herein mentioned are the sole and only heirs of the said W. A. Fairchild, deceased, and as attorney of record for said plaintiff, he now moves the court to order this cause of action, wherein W. A. Fairchild is plaintiff, and the Atlas Assurance Company is defendant, be revived in the name of the heirs at law, as herein enumerated and set forth."

A copy of the notice of application for revivor is set forth in the case-made, signed by R. S. Howe, attorney for the plaintiff. It recites that no administrator had been appointed and that decedent left no will making disposition of his property, and that he is asking that the action be revived in the name of the heirs, which are as follows (and then sets forth the names of the heirs as set forth in the motion). The defendant had notice of the hearing on this motion, and before the time said hearing was had the attorneys for defendant filed the following objections to revivor:

"Comes now the defendant, Atlas Assurance Company of London, pursuant to a notice that the plaintiff will apply for an order reviving this action in, and substituting for the plaintiff, the name of his heirs, and respectfully shows to the court that this action was filed on September 8, 1928; that on October 8, 1928, this defendant filed its demurrer to the plaintiff's petition on the grounds that the plaintiff was without capacity to sue and was an improper party plaintiff and that there was no cause of action stated in the petition; that on December 2, 1928, the plaintiff filed a motion to substitute W. A. Fairchild as the party plaintiff and on January 19, 1929, this defendant filed a motion to strike the said motion of the plaintiff and filed an objection to such substitution being made on the grounds that W. A. Fairchild was an improper party for such action, that there was no cause of action stated and that the action was barred by the statute of limitations. That on January 23, 1929, the court overruled the demurrer, the motion and the objection of the defendant, allowed the defendant his exceptions, sustained the motion of the plaintiff, allowed the substitution to be made, and granted the plaintiff leave to amend his petition, to all of which this defendant was allowed its exceptions. That on January 28, 1929, the plaintiff filed an amended petition, to which

the defendant filed its demurrer on February 4, 1929, on the grounds that there was no cause of action stated on behalf of the substituted party and that action, if any, was barred by the statute of limitations. That on February 6, 1929, this demurrer of the defendant was overruled, to which ruling it was allowed its exceptions; and that on February 15, 1929, the defendant filed its answer to the amended petition of the plaintiff.

"This defendant respectfully states that neither R. S. Howe nor any of the heirs mentioned are entitled to have this action revived in the names of the said heirs nor to have their names substituted for that of the plaintiff under the circumstances, and that they are improper parties for such revivorship and substitution and that there is no cause of action stated in the amended petition and that the action, if any be stated, is barred by the statute of limitations.

"Wherefore, this defendant respectfully objects to the court making an order reviving this action in the names of the heirs listed in the motion of R. S. Howe."

That thereafter the court made the following order of revivor of action, which, omitting the caption, reads as follows:

"The above-entitled cause coming on regularly to be heard before the Honorable Geo. T. Arnett, judge of the above-named court at his chambers in the city of Hugo, in the county of Choctaw, state of Oklahoma, on the 14th day of January, 1931, upon the motion and application of R. S. Howe, attorney of record for the heirs of W. A. Fairchild, deceased, for an order reviving the above-entitled cause, No. 7580, pending in the district court of Choctaw county, state of Oklahoma, in the name of the heirs, which are as follows: Letcher B. Fairchild, wife, Ardmore, Okla.; Inez Fairchild, mother, Forney, Okla.; H. T. Fairchild, brother, Forney, Okla.; Lelia Yates, sister, Hugo, Okla.; Grace Gregg, sister, Hagaman, Tex.; Charley Fairchild, brother, Mill Creek, Okla.; Jewell Reeder, sister, Hugo, Okla.

"And that the plaintiff and the heirs appeared by their attorney, R. S. Howe, and the defendant appearing by their attorney, Hal C. Thurman, and it appearing to the satisfaction of the court that due notice of the filing of said motion and application of revivor, and of the hearing of the same on this date, before the Honorable Geo. T. Arnett, judge of said court at his chambers in the city of Hugo, was duly and legally served.

"And the court being further satisfied that W. A. Fairchild, the original plaintiff herein, departed this earth on or about the 11th day of May, 1930, and that the cause of action stated in the petition is one which survives to the estate of said W. A. Fair-

child, deceased, and that the said heirs are the sole and only heirs of the said W. A. Fairchild, deceased, that would be entitled to receive benefit, if any derived from this cause of action.

"And the court being further satisfied that said deceased left no will to make disposition of his said estate and that no administrator has been appointed.

"It is therefore ordered and adjudged that said action be and the same is hereby revived in the name of: Letcher B. Fairchild, wife, Ardmore, Okla.; Inez Fairchild, mother, Forney, Okla.; H. T. Fairchild, brother, Forney, Okla.; Lelia Yates, sister, Hugo, Okla.; Grace Gregg, sister, Hagaman, Tex.; Charley Fairchild, brother, Mill Creek, Okla.; Jewell Reeder, sister, Hugo, Okla., heirs to the said deceased, and that all further proceedings therein be in the name of the said heirs; to which order and ruling of the court no exceptions were allowed by the court. It is ordered that objection to revivor is overruled.

"Geo. T. Arnett,
"District Judge."

This brings us to a question of whether or not timely objection was made and proper exceptions saved.

Notwithstanding the statement in the above order, "The defendant appearing by their attorney, Hal. C. Thurman," it is clear from the record in this case that the attorneys for the defendant were not in court at the time the order was made; they resided in Oklahoma City and were attempting to practice law by the United States mail in the district court of Choctaw county, Okla., sitting at Hugo. The attorney for the plaintiff was willing to render the attorneys for defendant any assistance he could consistently. The defendant had consented to the court taking up the question of revivor in his absence, and asked that if the court overruled his objections, proper exceptions be saved to the ruling of the court. The attorney for the plaintiff gave this information to the court. The court refused to allow the defendant any exceptions to his ruling. The defendant insurance company complains in its brief of what it terms the arbitrary order of the court amending the case-made, which order is as follows:

"Order Amending Case-Made.

"It is hereby ordered that the record be amended and corrected on page 60 so as to show that the time of the objection to the introduction of testimony and of the overruling of the objection to the introduction of testimony, the court stated that the de-

fendants had written a letter to counsel for plaintiff, in which letter they stated that they had no objections to the cause being revived, but that they wanted counsel for plaintiff to cause the court to allow an exception to the order reviving, and that the court refused to allow them exception to the order reviving for the reason that the court did not want to permit them to agree to the revivor, then to except to the order of revivor.

"To which amendment of the record the defendants except.

"Geo. T. Arnett,
"District Judge."

This order of the court was set forth in the case-made when it was settled and signed by the trial judge. It is explanatory of what happened on the hearing of the plaintiff's motion to revive the action in the name of the heirs. It is clear, at the time the court made the order reviving the action, counsel for plaintiff submitted to the court the letter written by Mr. Bowman, one of the attorneys for the defendant. The letter is not in the record in this case, but it is set out in the reply brief of the defendant insurance company, and also the letter of R. S. Howe to the attorneys for the insurance company. In justice to the judge who tried this case, we think these letters should be set forth, although they are not strictly within the record. The letter written by Mr. Bowman is directed to R. S. Howe, attorney for plaintiff, dated at Oklahoma City, October 7, 1930. Omitting formal parts and signature, it reads:

"Re: Fairchild v. Atlas Assurance Co.
"Dear Sir:

"We are in receipt of a letter from our client stating that it will be in order for us to accept service of your notice of application for revivor and to agree that the motion be heard without further notice, as requested by you.

"As we have endeavored to preserve a good record in this case by having exceptions noted on, behalf of Atlas Assurance Company to the various rulings of the court, we have prepared an objection to this substitution. In the past you have kindly seen that we were given our exceptions, thus saving us the expense of a trip down to Hugo. We take it that you will do the same for us again in this instance. We note that the date of the hearing is left blank in your notice and agree that the matter may be taken up by you ex parte at any time you see fit, provided that when you file your motion you will also file our objection and at the time of the hearing you will see to it that our record is protected by an exception and we are there-

after sent a copy of the order (there have been so many proceedings and rulings in this case that we are anxious to continue to protect the record, as we still feel that we are right in this case).

"We are sending herewith the original notice sent us, signed as requested by you, the original objection to the substitution, which you will please file after filing your motion, and a copy of our objection for your file. Kindly acknowledge receipt of these papers and send us a copy of the order.

"Yours very truly."

Thereafter R. S. Howe, attorney for plaintiff, at Hugo, wrote to Mr. Hal C. Thurman, at Oklahoma City, the following letter, omitting formal parts and signature:

"In Re: Fairchild v. Atlas Assurance Company.

"Dear Hal:

"In the above matter the application to revive was submitted to the court. I submitted your journal entry and exceptions and the court refused your exceptions, stating that that matter had already been settled by demurrer and other pleadings. I showed him your letter, but did not seem to do any good. If you want the exceptions to that, even tho' the court did not allow same, I think we can agree on same.

"I am enclosing a copy of the order reviving the cause of action. I also submitted the stipulations and testimony that you and I agreed on.

"I would like to get this matter set down for hearing before very long at some time that would suit your convenience, as you have been very nice, being the opposing counsel. Please suggest a date upon which we might have this case set."

The objection filed by the defendant did raise the question of the right of the court to revive the action in the name of the heirs instead of the name of the administrator, but this particular objection was covered up in a maize of other objections that had already been passed upon by the court. The trial court was not technically correct in the statement, in its order amending the case-made, "That they had no objections to the cause being revived." It would probably have been more correct for the court to have stated, "That they were not present to present their objections to the cause being revived, and for that reason he would not allow an exception."

Attorneys cannot make agreements out of court that exceptions be allowed and thus bind the court. The court has a right to protect its record. It was the duty of the attorney to be present in court and present

his objections, and then, if the ruling was adverse to him, to save his exceptions. In this case the court cannot be charged with any arbitrary ruling. When the defendant's attorney was advised that the court refused to allow him exceptions, he could have filed and presented a motion or application to vacate the order reviving the action in the name of the heirs, and presented this before the time had gone by for the action to be revived in the name of the administrator. If the court refused to vacate the order, exceptions could have been saved, and he could have then presented the question to this court to review the error, if any had been committed. By counsel failing to appear in court in person and present their objections to the court and save exceptions to the ruling of the court, their right to have this question reviewed by this court was thereby waived and the order of the trial court became final.

This conclusion is supported by the opinion of Hardy, C. J., in Zollinger v. Durham, 72 Okla. 201, 179 P. 752, and the cases supporting that opinion. We quote the last paragraph of the opinion as follows:

"If we assume that plaintiff's contention is correct that said judgment should have been revived in the name of the personal representatives of deceased, still the court was right in sustaining the demurrer. It appears that due notice of the application to revive was given to plaintiff, and that he made no objection to revival of the judgment as prayed for, nor did he prosecute an appeal from the order reviving same, and this being true, the order of revival is conclusive upon the rights of the defendants to have the judgment revived in their own names and to enforce satisfaction thereof, and their right to do so cannot be questioned in this proceeding; for it is a fundamental rule that, where a party consents or fails to object properly to a revival or continuance of an action in the name of the heirs at law instead of the personal representatives of deceased, the defect is waived, and he cannot afterwards complain on this ground. 1 C. J. 222, 225, 252; McLain v. Parker, 88 Kan. 717, 129 P. 1140; Batre et al. v. Auze's Heirs, 5 Ala. 173; Magoon v. Pioneer Mill Co., Ltd., 17 Hawaii, 159; Rogers et al. v. Tucker et al., 94 Mo. 346, 7 S. W. 414; Mo. Pac. Ry. Co. v. Fox, Adm'r, 56 Neb. 746, 77 N. W. 130; Underhill, Ex'r, v. Crawford et al., 29 Barb. (N. Y.) 664; Riley v. Gitterman et al., 10 N. Y. Supp. 38; Dickinson, Sheriff, v. Oliver, 112 App. Div. 806, 99 N. Y. Supp. 432.''

When the case was called for trial Mr. Bowman made the following motion:

"Comes now the defendant and moves to dismiss this action on the grounds that the files and appearance docket in this case shows that W. A. Fairchild died on May 11, 1930, and that an order reviving this action in the names of the heirs of W. A. Fairchild was filed on January 14, 1931, when at the same time an objection was filed by the defendant to such order of revivor on the ground that such heirs were improper parties for such revivor and substitution, and in further support of said motion to dismiss we state that the said action should have been revived in the name of the personal representative of W. A. Fairchild and that should have been done within one year from the time the revivor might have been made, and that was not done, and further that the order of revivor filed on January 14, 1931, is a nullity."

The motion to dismiss was overruled and exceptions allowed. Under the decisions and rules announced in 1 C. J., page 252 (supra), this motion to dismiss was not an application to vacate the order reviving the action in the names of the heirs, and it was not made until long after the time had expired in which a revivor could be made. The defendant was not present in court when the revivor was made and relied on correspondence by United States mail to have exceptions saved to the order of the court making the revivor, and this the court refused to do, and refused to allow the defendant exceptions to the order. When the court refused to allow the defendant exceptions, the defendant had the remedy of making an application to vacate the order and present to the court its grounds therefor; if the court refused to vacate the order, it could then save its exceptions to the ruling of the court and have that question reviewed by this court, but it would have been incumbent upon the defendant to file and present such application within a reasonable time and before the time to revive the action had been barred by the one-year statute of limitation, if sufficient time intervened.

In the instant case the record discloses that the death of W. A. Fairchild occurred on the 11th day of May, 1930. The order reviving the action was made on January 14, 1931. The plaintiff would have had a reasonable time after the death of W. A. Fairchild in which to have an administrator appointed for his estate and the statute would not begin to run until an administrator could have been appointed by the probate division of the county court. This order of revivor was made five or six months before the statute of limitation would have barred a revivor of the action.

The defendant, not having saved any exceptions to the order of revivor, could not wait until after the time had gone by in which the action could be revived and then file a motion or application to set aside the order and save exceptions to the ruling of the court on such application and have the order reviewed by this court.

The trial court made its order reviving the action in the names of the heirs of W. A. Fairchild. The defendant did not save any exceptions to the ruling of the court. Long after the action could have been revived in the name of the administrator of Fairchild's estate, the defendant moved to dismiss the action, because it was revived in the names of the heirs instead of in the name of the administrator. The trial court overruled the defendant's motion to dismiss, to which ruling of the court the defendant excepted. This motion to dismiss and the exceptions to the ruling of the court thereon do not bring up for review in this court the order of the trial court reviving the action in the names of the heirs of the deceased plaintiff. And under the views heretofore expressed, the court did not commit reversible error in denying the motion to dismiss at the time it was made.

The fourth proposition of the defendant insurance company is:

"Fourth. A condition precedent to the filing of an action upon the policy was that the insured, W. A. Fairchild, should make a proper, sworn statement of loss. The purported proof or statement herein is insufficient, and the insured fails to recover because of his failure to perform this condition precedent."

The plaintiff in the court below attached to his petition a copy of the power of attorney issued by W. A. Fairchild to C. G. Messer, with special authority to do all things necessary in the collection of insurance on his store building and dwelling at Forney, Okla., and the settlement with the insurance company. This was dated the 8th day of October, 1927.

On the 17th day of October, 1927, C. G. Messer stated under oath that he was the duly authorized and lawfully appointed agent of W. A. Fairchild, the owner of the building situated at Forney, Okla., and insured in the Atlas Assurance Company as specified in the policy No. 292 of said company, and stated in said affidavit that the building had been consumed by fire, and set forth that his loss was $1,066.67. There also appears the itemized statement prepared by W. T. Brook, contractor, setting forth the specific items necessary to replace the building in the sum of $1,066.67, which is duly sworn to by the said W. T. Brook.

In response to this proof of loss and on November 23, 1927, the defendant insurance company, by its agent, the Bates Adjustment Company, wrote a letter addressed to Mr. W. A. Fairchild, % C. G. Messer, Hugo, Okla. A copy of this letter was likewise attached as an exhibit to plaintiff's petition filed herein. Omitting caption and signature, it reads:

"Dear Sir:

"You are hereby advised that the Atlas Assurance Company of London, without undertaking to specify any of the grounds therefor and without waiving any of its rights in the premises, but expressly reserving unto itself any and all forfeitures and defenses, with the express intention of at all times standing upon and asserting the same, here and now denies any and all liability to you or anyone claiming by, through or under you upon or by virtue of its said insurance policy No. 292 heretofore issued to you by the company's Hugo, Oklahoma, agency, and you will govern yourself accordingly.

"You are further advised that the said Atlas Assurance Company here and now offers to refund and pay back to you the full unearned amount of premium received for said policy, such payment to be made to you at such time and place as you may indicate, when and whereupon such payment being made to you, you will surrender up and deliver over to said Atlas Assurance Company said insurance policy No. 292, or if it better suits your convenience, you may draw a sight draft upon the Bates Adjustment Company, Oklahoma City, Okla., through any bank of this city for the full amount of said unearned premium and attach to the said draft the said insurance policy, and upon presentation of such draft to said Bates Adjustment Company, the said insurance policy attached thereto, such draft will be promptly accepted, honored and paid in full."

When the defendant insurance company received the duly verified notice and did not ask for further proof of loss, but specifically denied all liability, it waived any further proof of loss and cannot now be heard to complain. Therefore we conclude that the fourth proposition of the defendant is not well taken.

This objection cannot be sustained for the further reason that the defendant has not pointed out any lack of proof wherein the proof submitted fails to fully advise the defendant insurance company or comply with the terms of the policy.

The fifth proposition is:

"Fifth. The building covered by the policy had been permanently abandoned for school purposes long prior to the fire, without the written permission from the defendant, the policy automatically becoming void; the defendant is not liable on its policy for loss by fire occurring subsequent to such abandonment."

To sustain this proposition the defendant relies on the following provision in the policy of insurance:

"This policy continues in full force and effect during vacations between school terms, and at such times as school is not actually in session, provided that, if this form is attached to a fire policy and the building is abandoned for school purposes for an indefinite period without written permission hereon, then this policy shall be void."

On this question, C. G. Messer testified that Rube Henshaw of Hugo, Okla., was the agent for the defendant insurance company and that he issued this policy of insurance. That as soon as he learned that the school building had been abandoned for school purposes he told Mr. Henshaw, the agent for the insurance company. That he thinks it was sometime in September. The record fails to disclose that the insurance company did anything toward canceling the policy and refunding the unearned portion of the premium. After the fire occurred and the insurance company was notified of the loss, it, acting by the Bates Adjustment Company, then offered to return the unearned portion of the premium. It clearly appears from this state of the record that the defendant insurance company was willing to keep the premium and let the policy continue in force if there was no loss. But after the loss occurred, then they wanted to cancel the policy and return the unearned portion of the premium. It was the company's duty, on being notified that the building had been abandoned for school purposes, if it did not want to continue the insurance in force, to immediately notify the insured that it had canceled the policy and offer to return the unearned premium on the policy on the surrender of the policy. This it did not do. It cannot continue to retain the premium on the policy as though the policy was in full force and effect and then deny liability after the loss has been sustained.

Finding no reversible error, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys John R. Miller, Fred A. Speakman, and T. L. Blakemore in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Miller and approved by Mr. Speakman and Mr. Blakemore, the cause was assigned to a justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.